(No. 36850.—

MARSHALL D. BERNARD, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(OWN-A-HOME TRAILER CORPORATION, Plaintiff in Error.)

*Opinion filed May 25, 1962.—Rehearing denied September 27, 1962.*

FRED J. BROWN, of Kewanee, for plaintiff in error.

D. J. McRAE, and ANDREWS & ANDREWS, both of Kewanee, for defendant in error.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Marshall D. Bernard filed an application for adjustment of claim with the Industrial Commission of Illinois, claiming compensation for injuries allegedly sustained while he was an employee of Own-A-Home Trailer Corporation. The arbitrator found that Bernard's injuries did not arise out of and in the course of his employment. The Industrial Commission affirmed this finding. The circuit court of Henry County reversed and granted an award to the claimant.

The case is now before us on writ of error to review the judgment of the circuit court of Henry County. The question is whether the decision of the arbitrator, affirmed by the Industrial Commission, was against the manifest weight of the evidence with regard to the causal connection between the alleged accident and the ill-being of the claimant, and consequently whether the circuit court of Henry County was justified in setting aside the order of the Industrial Commission which denied an award of compensation.

Marshall D. Bernard was employed as a laborer by Own-A-Home Trailer Corporation in Galva, Illinois, and

on July 3, 1956, he was engaged in lifting an air conditioner to the roof of a trailer. Two men assisted him. That evening Bernard was laid off from work.

On July 14, 1956 his wife visited the plant and informed Bernard's former superiors that he had sustained a back injury on the day he was laid off. On July 16, 1956, Bernard entered Hines hospital, and remained there until July 30, 1956. During this period he was told that a previous spinal fusion had broken loose.

The testimony relating to this spinal fusion shows that Bernard was in the Army from 1939 to 1943, when he received a medical discharge because of pains in his back. He was awarded a 10% disability pension from 1943 to 1953, at which time his pension was increased to 20%. He first started working for Own-A-Home in 1954. In April of 1954 a trailer frame fell on him. On June 4, 1954, a spinal fusion operation was performed at the Veterans Administration hospital at Dwight, Illinois. About December 17, 1955, Bernard returned to work at Own-A-Home, at which time he informed his employers that the spinal fusion showed indications of cracking loose.

Because of the previous history of the spinal fusion operation, it is obvious that a causal connection must be established between the alleged incident of July 3, 1956, and Bernard's subsequent troubles with his back. It is well settled that the burden of proving his case by a preponderance or greater weight of the evidence is on the petitioner. *American Brake Shoe Co.* v. *Industrial Com.* 20 Ill.2d 132.

We must, therefore, look to the testimony concerning the causal connection of the work done on July 3, 1956, and the present ill-being of petitioner. Bernard himself testified that he injured his back while assisting in lifting a heavy air conditioner. Neither of the two employees who were working with him at the time were called to testify.

At the hearing before the arbitrator a signed statement of an orthopedic surgeon who examined Bernard on No-

vember 5, 1957, was introduced in evidence. This statement contained *inter alia*, the following: "I do believe the upper portion of this fusion is not attached to the 4th and third arches but is attached at the sacrum. As there is no fracture of the graft it could be due to a pure failure of the operation, rather than necessarily due to extra force as such, such as incident of July 3, 1955 [sic]."

The same surgeon was called at the hearing on review as claimant's witness and stated that there might or could be a causal connection between the alleged accident of July, 1956, and the condition found in the 1957 examination. The doctor stated further that a causal connection between the accident and the disability is reasonable. He also testified that the damage could have been caused by other occurrences.

We have held in the case of *Fisher Body Division, General Motors Corp.* v. *Industrial Com.* 20 Ill.2d 538, that although a claimant's testimony concerning an alleged accident standing alone would be sufficient to justify an award, yet it is the duty of the Industrial Commission to consider all the facts and circumstances in evidence. The Commission is not required to find for a claimant merely because there is some testimony which, if it stood alone and undisputed, might warrant such a finding.

Reviewing the entire record, it is our opinion that the arbitrator and the Industrial Commission could properly come to the conclusion that the causal connection between the alleged accident and the ill-being of the claimant was a matter of conjecture, and we, therefore, cannot say that the findings of the Commission are against the manifest weight of the evidence. Accordingly, the finding and judgment of the circuit court of Henry County is reversed.

*Judgment reversed.*