(No. 37700.—

DANIEL DOODY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.,*—(Ringsby Truck Lines, Plaintiff in Error.)

*Opinion filed September 27, 1963.*

KOHLER & GILL, of Chicago, for plaintiff in error.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This court has allowed the petition for writ of error filed by the respondent Ringsby Truck Lines to review the judgment of the superior court of Cook County which set aside the order of the Industrial Commission denying workmen's compensation to Daniel Doody and reinstated the award of the arbitrator. The sole issue is whether the decision of the Industrial Commission that claimant's accidental injury did not result in any permanent disability for which compensation would be payable is against the manifest weight of the evidence.

Claimant injured his back when the truck he was driving hit a hole. Dr. Samuel R. Rubert testified for claimant. He interpreted X rays of claimant's lower back and described various tests performed on the lower back. He diagnosed the injury as a strain injury. He said he found strain changes of the lumbosacral and coccygeal portion of the spine, coccydynia of the coccyx, forward angulation of the coccygeal segment and spina bifida occulta, with sacral coccygeal spasm and irritability and with right and left hip radiculitis. He was of the opinion that the condition described was permanent. On cross-examination he said his findings could be summarized as irritability and spasm in the sacral coccygeal area and in the right and left hip area.

Dr. W. W. Patrick testified for the respondent. He interpreted X rays of claimant's lower back and described tests he performed on the back. He said claimant had a normal functioning spine and had recovered from any injury he may have sustained to the back. He found no muscle spasm and on palpation and manipulation of the pelvis, sacrum and coccyx he found nothing abnormal. He said there was no loss of muscle tone, the reflexes were normal and the lower extremities were normal.

The record shows that for 5 or 6 weeks before the hearing claimant had been driving a truck and delivering merchandise.

We are of the opinion that the Industrial Commission could properly find on the record before it that claimant did not suffer any permanent disability for which compensation would be payable. (See *Bernard* v. *Industrial Com.* 25 Ill.2d 254.) The judgment of the superior court of Cook County is reversed.

*Judgment reversed.*