(No. 50526.—

KEYSTONE STEEL AND WIRE COMPANY, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Kenneth E. Becker, Appellant.)

*Opinion filed November 22, 1978.*

Ronald Hanna, of Hamm & Hanna, Ltd., of Peoria, for appellant.

Jeffrey B. Rock, of Swain, Johnson & Gard, of Peoria, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that petitioner, Kenneth E. Becker, suffered accidental injuries while employed by respondent, Keystone Steel and Wire Company, and awarded him compensation for a period of 18 2/7 weeks of temporary total incapacity for work and compensation for the permanent loss of 15% of the use of his right leg. On review, without taking additional evidence, the Industrial Commission affirmed the award. Respondent sought *certiorari* and the circuit court of Peoria County, finding that the decision of the

Industrial Commission was against the manifest weight of the evidence, set aside and reversed the decision of the Industrial Commission. Petitioner appealed. Supreme Court Rule 302(a) (58 Ill. 2d R. 302(a)).

Petitioner was employed by respondent as a rigger-welder. On April 15, 1976, while repairing a locomotive engine with a torn gear box, he was standing under the locomotive in a pit area holding a 20-pound metal patch over his head and at that time "twisted his back out."

On the day following the injury, petitioner complained of pain in his lower back and upper thigh area. He was examined by respondent's physician, Dr. Paul Palmer, who diagnosed his ailment as a lumbosacral strain. Dr. Palmer prescribed heat treatments, and petitioner received those treatments at respondent's medical center for a half hour each day for approximately four weeks. He was also placed on a modified "work release" in which he was restricted from lifting anything which weighed more than 10 pounds.

On July 9, 1976, at Dr. Palmer's direction, petitioner was hospitalized. During nine days in the hospital he was placed in traction and given "muscle relaxers." Following his release from the hospital, he remained at home until August 22 and then returned to his job for respondent. Since that date he has resumed the same duties and responsibilities that he had at the time of the accident. He testified that he was still involved in lifting heavy objects, though he complained that his back tightens up and becomes stiff after any bending or squatting. He also testified that he has received no medical treatment since his release from the hospital.

By agreement of the parties the reports of three physicians were admitted into evidence before the arbitrator. Dr. Palmer's report, filed on June 7, 1976, in addition to the diagnosis of a lumbosacral strain, stated that "X-rays revealed small spurs of the L—5 area and increased

narrowing of the L—5 S—1 interspace in the past four (4) or five (5) years." He offered no opinion concerning any permanent injuries.

Dr. Hugh Cooper examined petitioner for respondent on August 11, 1976. He stated that he "was unable to find evidence on physical examination or X-ray to suggest that active orthopedic pathology exists at this time." Furthermore, that "There was no evidence to suggest that disability must be anticipated as a result of a back injury in April of this year."

Dr. Lorin Whittaker, following an examination of petitioner for respondent on December 3, 1976, stated: "My impression is that he sustained a musculature low back strain at the time of his injury in April, 1976. His objective examination was normal. His subjective examination is that of only an occasional stiffness of his back which should clear completely."

Petitioner contends that the evaluation of the evidence and the conclusions to be drawn therefrom are within the province of the Industrial Commission and that the circuit court erred in holding that the decision of the Commission was against the manifest weight of the evidence. It is respondent's position that there is no evidence to sustain a finding of a permanent loss of use of petitioner's leg to any extent whatsoever.

It is well settled that "To recover benefits under the Workmen's Compensation Act, a claimant has the burden of proving all elements of his case *** by a preponderance or greater weight of the evidence, and an award that is not supported by substantial evidence must be set aside." (*Arbuckle v. Industrial Com.* (1965), 32 Ill. 2d 581, 585.) Upon examining the record we are unable to say that the circuit court erred in holding that the decision of the Commission was against the manifest weight of the evidence. Petitioner testified that he has returned to work and has resumed the duties and responsibilities that he had

before the accident. There is no basis in the reports of the physicians to support either the holding that petitioner suffered an injury to his right leg or that it was permanent in nature. His testimony concerning the stiffness in his back when he is bending or squatting is inconclusive and fails to show any permanent and complete loss of the use of his right leg.

For the reasons stated, the judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*