(No. 57877.—

GEORGE SMITH, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (United Association of Plumbers and Pipefitters, Local 149, Appellee).

*Opinion filed October 4, 1983.*

Charles W. Hendrix, of Champaign, for appellant.

Howard W. Small of Thomas, Mamer & Haughey, of Champaign, for appellee.

CHIEF JUSTICE RYAN delivered the opinion of the court:

The claimant, George Smith, alleges that he sustained a back injury when he fell on ice at the place of business of his employer, United Association of Plumbers and Pipefitters, Local 149, the respondent. The arbitrator found that the claimant had suffered an accident during the course of his employment, but had failed to prove that his current condition of ill-being was causally connected to it. The Industrial Commission affirmed the decision of the arbitrator, and the circuit court of Champaign County confirmed the decision of the Industrial Commission. The claimant appealed directly to this court. 87 Ill. 2d R. 302(a); Ill. Rev. Stat. 1981, ch. 48, par. 138.19(f)(2).

Before the arbitrator, the claimant testified that he slipped, fell on some ice, and landed on his tailbone on January 17, 1979, while leaving his employer's place of business. He admitted that he did not lose more than a half day from work as a result of the incident and did not consult a physician for 15 months, until April 14, 1980. He testified that he had never had a back injury prior to the accident or subsequent to it.

The claimant finally consulted a physician, Dr. Walter Petersen, who took X rays of the claimant's back and prescribed therapy. After taking approximately 12 treatments, the claimant was also treated on July 9, 1980, by a chiropractor, Dr. J. W. Hanoka. He was also treated on August 6, 1980, by an orthopedist, Dr. Alain Menguy. Dr. Menguy undertook a physical examination of the claimant, examined X rays taken by Dr. Petersen after the accident, and evaluated the claimant's medical his-

tory. His examination revealed that the claimant had a lumbosacral sprain with a slight limitation of full flexion which caused alternating sciatic pain. From an examination of the X rays, Dr. Menguy concluded that the claimant suffered from a malformation called spondylolisthesis of grade one. In giving Dr. Menguy his medical history, the claimant stated that he experienced this back pain for the first time immediately after the accident and was still having difficulty moving freely.

While Dr. Menguy conceded that spondylolisthesis of grade one is normally a congenital defect, he concluded that it was caused by a trauma in this case. Dr. Menguy based this conclusion on Dr. Petersen's X rays and the claimant's medical history, and stated that his opinion was based on a reasonable degree of medical certainty. He also admitted on cross-examination, however, that if the claimant's medical history was inaccurate, his opinion would also be erroneous. At the time of arbitration, the claimant's and Dr. Menguy's testimony (given by way of a deposition) constituted the only evidence relating to causation.

During the period between arbitration and the hearing before the Industrial Commission, however, the respondent procured a set of additional X rays taken before the accident by Dr. Hanoka and submitted them to Dr. Menguy for his evaluation. These X rays showed that the claimant had a grade-one spondylolisthesis before the accident. The X rays also showed that there had been no increase in the degree of slippage since the accident. After reviewing these X rays and comparing them with post-accident X rays, Dr. Menguy changed his conclusion as to causation and stated that the accident merely caused an aggravation of a preexisting condition. The issue of causal connection can therefore be reduced to the question of whether the Industrial Commission was obliged to believe the claimant's version of events

and Dr. Menguy's equivocal testimony.

In analyzing this issue, we note that the claimant repeatedly denied any recollection that Dr. Hanoka had treated him on several occasions for a back injury a few months prior to the accident. Although claimant recalled receiving chiropractic care concerning another medical condition which occurred 10 years before the review hearing, he could not remember receiving medical treatment only a few months earlier for his current back problem. Dr. Hanoka's chiropractic records clearly indicate, however, that the claimant had suffered preexisting back problems and had been treated by Dr. Hanoka a few months before the accident.

The claimant also had a financial motivation to pursue a worker's compensation claim. He had just lost his bid for reelection as business agent of his union and was currently unemployed. As a result of these impeaching factors, the respondent contends that the claimant failed to show by a preponderance of the evidence that his condition of ill-being was causally connected to the accident.

The burden of proof is on the claimant to show by a preponderance of the evidence that he is entitled to recover. (*Keystone Steel & Wire Co. v. Industrial Com.* (1978), 73 Ill. 2d 269; *Illinois Institute of Technology v. Industrial Com.* (1977), 68 Ill. 2d 236.) The Industrial Commission must weigh the evidence in making this assessment and is not required to award compensation merely because the claimant's version of events is undisputed. *Wilson v. Industrial Com.* (1972), 51 Ill. 2d 522, 524-25; *Bernard v. Industrial Com.* (1962), 25 Ill. 2d 254, 257.

It is the function of the Industrial Commission to judge the credibility of witnesses, to determine the weight to be given to their testimony, and to draw reasonable inferences therefrom. (*City of Streator v. Industrial Com.* (1982), 92 Ill. 2d 353, 363; *Seiber v. Indus-*

*trial Com.* (1980), 82 Ill. 2d 87, 97; *Phelps v. Industrial Com.* (1979), 77 Ill. 2d 72, 74.) The fact that respondent offered no conflicting medical testimony and that the claimant's testimony is not controverted does not mandate a finding in claimant's favor. We cannot say that the decision of the Industrial Commission is against the manifest weight of the evidence. The judgment of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*