(No. 42940.—

WILLIE WOOLDRIDGE, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ILLINOIS ZINC COMPANY, Appellee.)

*Opinion filed December 4, 1970.*

THOMAS C. BRADLEY, of Chicago, for appellant.

HACKBERT, ROOKS, PITTS, FULLAGAR & POUST, of Chicago, (DOUGLAS F. STEVENSON, DANIEL P. SOCHA, and STEPHEN E. SWARD, of counsel,) for appellee.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

This is an appeal under the Workmen's Compensation Act from an order of the circuit court of Cook County affirming the determination of the Industrial Commission finding that the petitioner, Willie Wooldridge, had sustained no disability as a result of a work connected accident occurring on August 21, 1963. The decision of the Industrial Commission had reversed the holding of an arbitrator finding that the accident in question had resulted in the complete and permanent disability of the petitioner. The sole contention raised by petitioner on this appeal is his argument that the determination of the Industrial Commission as to the nature and extent of the alleged injury is against the manifest weight of the evidence.

During the hearing before the arbitrator and a further evidentiary hearing before the Industrial Commission, evidence was introduced establishing that petitioner had sustained an accidental injury to his back on November 30, 1960, while working for respondent; that such injury necessitated a spinal fusion; and that petitioner received compensation for such injury based upon the Industrial Commission's conclusion that he had sustained a 33⅓% loss of the use of his right leg. At the hearing before the arbitrator in this case, petitioner testified that following his return to work on December 18, 1962, after his spinal fusion, he worked "steadily" for respondent up to August 21, 1963, the date of the incident in question. However, it was shown by respondent that petitioner had testified on August 8, 1962, during the hearing on his workmen's compensation claim for the November 30, 1960, injury, that he had worked only from December 13, 1961, to March 8, 1962, and had been off work from the latter date to the time of his August 8, 1962, testimony. It was further established by respondent in the present case that petitioner was determined to be totally and permanently disabled by the Social Security Administration as of March 31, 1963, which date antedates the incident in question by almost five months.

The medical evidence on behalf of the petitioner and respondent was irreconcilably conflicting, some doctors stating that petitioner was unable to perform work as a laborer as a result of the incident in question and others stating that his subjective complaints were inconsistent with their objective findings, and that thus petitioner's condition should not preclude him from returning to his regular occupation. In this regard, it is quite significant that one of the examining physicians who testified on behalf of petitioner found substantially the same pathology existing on July 6, 1961, after the November 30, 1960, accident as another of petitioner's testifying physicians found on November 3, 1966, some time after the incident here in question, leading to the clear inference that the August 21, 1963, accident did not worsen petitioner's condition and that his current troubles are wholly referable to the former injury of November 30, 1960, for which compensation has of course already been obtained.

Further evidence was introduced as to whether petitioner, although he had not returned to work for respondent since the date of the alleged injury, had been working as the janitor of an apartment building subsequent to the August 21, 1963, incident, as urged by respondent in answer to petitioner's claim that he is unable to perform manual labor. This evidence was also conflicting and any inferences therefrom were in our judgment solely matters within the province of the Industrial Commission.

As noted by this court in *Crepps* v. *Industrial Com.*, 402 Ill. 606, 608-9: "It is a well-settled rule that courts may not, on review of an award made by the Industrial Commission, disturb factual determinations of that body unless the decision be manifestly against the weight of the evidence. [Citation.] And this rule is just as applicable to findings and orders denying compensation as to those which support awards allowing it. [Citation.] It is not the province of the courts to try disputed questions of fact and to weigh the

evidence thereon  \*  \*  \*." (See also *Pope* v. *Industrial Com.*, 45 Ill.2d 48, 52; *Associated Vendors, Inc.* v. *Industrial Com.*, 45 Ill.2d 203, 204.) Moreover, the rule just stated applies with equal force to conflicting medical opinion heard by the Commission. (*Lelewer & Son* v. *Industrial Com.*, 33 Ill.2d 118, 121.) And while we have also held that the determination of an arbitrator is not without legal effect and may be relied upon by a reviewing court in entering judgment when a decision of the Industrial Commission is against the manifest weight of the evidence (*Lewandowski* v. *Industrial Com.*, 44 Ill.2d 204, 206; *Hendren* v. *Industrial Com.*, 19 Ill.2d 44, 49), we see nothing in this record calling for the application of such rule. The Industrial Commission exercises original jurisdiction (see *American Smelting and Refining Corp.* v. *Industrial Com.*, 13 Ill.2d 275, 279-80), and after examining the entire record we are unable to say that its conclusion is in any sense against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Cook County affirming the decision of the Industrial Commission must be and is hereby affirmed.

*Judgment affirmed.*