(No. 43979.–

ROBERT WOODROW WILSON, Appellant, v. THE INDUSTIRAL COMMISSION *et al.*—(American Steel Foundries, Inc., Appellee.)

*Opinion filed March 30, 1972.*

WILLIAM E. BRANDT, of Madison, for appellant.

KEEFE & DE PAULI, of East St. Louis, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

Whether the finding of the Industrial Commission that an employee did not sustain injuries which arose out of

and in the course of his employment was contrary to the manifest weight of the evidence is the question raised by this appeal.

On May 7, 1965, Robert Wilson was employed by American Foundries, Inc. as a core maker. While handling cores, weighing about seventy to seventy-five pounds, the employee, according to his testimony, slipped and wrenched his back. Later, on some date prior to June 7, 1965, he consulted his family physician regarding back pain. He said that on June 7 he furnished his foreman with a slip from his physician requesting light duty, but that the foreman would not honor the request, though he knew that the employee had had his back taped. The employee testified that before June 24, when he went on vacation, he complained to the company nurse of chest and back pains. Before returning to work on July 12 he visited his family physician three or four times because the back pains persisted. On July 23 he fainted when at home and was referred by two chiropractic doctors, whom he consulted on or about July 25, to an orthopedist, Dr. Leon Fox. He visited Dr. Fox on about August 28 and was hospitalized and placed in traction for about two weeks. He reentered the hospital about a month after his release and underwent surgery for a herniated disc. The deposition of Dr. Fox was admitted in evidence and in it the physician stated that the employee has a permanent disability and never will be able to lift more than 25 or 35 pounds without difficulty.

The employee testified that when he wrenched his back he complained of pain to a fellow worker. This man urged him to remain on the job, because if he did not the co-worker would have had to have assumed his duties. The employee did not call him as a witness. The only witness who did appear at the hearing before the arbitrator was the employee. The deposition of Dr. Fox was admitted by stipulation.

After convalescence from his surgery the employee sought to return to work at American Steel Foundries, Inc.

He presented a light duty request prepared by Dr. Fox, but he was refused employment. He testified he worked at another foundry for approximately three months, but was forced to quit this employment, as he was unable to perform his duties because of his condition.

The arbitrator decided that the employee was entitled to temporary compensation for a period of 29 and 4/7 weeks, which he found was the period of temporary total incapacity for work. In addition, the arbitrator found that the employee was entitled to compensation for a further period of 70 weeks because of a 35% permanent loss of use of the left leg. The record was reviewed by the Industrial Commission, and the Commission, reversing the decision of the arbitrator, found that the employee had not sustained accidental injuries arising out of or in the course of employment.

An employee, as the claimant under the Workmen's Compensation Act, has the burden to prove all of the elements of his right to compensation. *(Deere and Co. v. Industrial Com. (1970), 47 Ill.2d 144.)* Though an employee's testimony, standing alone, would be sufficient to sustain an award, the Commission has the duty to consider all the appearing facts, circumstances and evidence. *(Revere Paint & Varnish Corp. v. Industrial Com. (1968), 41 Ill.2d 59.)* And it is axiomatic that a court, when reviewing an award made by the Industrial Commission, may not disturb factual findings of the Commission unless the findings are contrary to the manifest weight of the evidence. It is not the function of the court in such cases to try disputed questions of fact and to weigh evidence. *Wooldridge v. Industrial Com. (1970), 47 Ill.2d 244.*

Measuring by these standards and by the record here, we cannot say that the finding of the Industrial Commission was contrary to the manifest weight of the evidence. The record shows that though the employee knew there was a nurse on duty at the time of his injury, he did not

report to the dispensary. The employee's testimony discloses that when he did report to the dispensary on some date before June 24, the day he went on vacation, he told the nurse he was having a kidney problem. She told him, he testified, to see his own physician. He did not testify that he had told the nurse of any injury which had occurred on the job. The employee did not notify his foreman of any injury at the time he claimed it occurred, and according to his testimony, it was only after a month or more that he spoke to the foreman of his disability. He said that the foreman knew that his back had been taped and that he was unable to lift heavy materials, but the employee testified that he had never told the foreman how his injury had been sustained. The record does not show that at any time the employee notified the employer that he had been injured while at work. The co-worker, who supposedly was a witness to the accident, was not called to testify.

The Industrial Commission had the first responsibility of making factual determinations and we will not disturb the finding it made.

For the reasons given, the judgment of the circuit court of Madison County is affirmed.

*Judgment affirmed.*