.(No. 45716.

LODDIE MAREK, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Du Quoin Packing Company *et al.*, Appellants.)

*Opinion filed October 1, 1973.*

KEEFE and De PAULI, of East St. Louis, for appellants.

HANAGAN, DOUSMAN & GIAMANCO, of Mt. Vernon, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

This appeal was taken pursuant to Supreme Court Rule 302(a)(2) (Ill. Rev. Stat. 1971, ch. 110A, par. 302(a)(2)), from an order of the circuit court of Perry County, reversing an award of the Industrial Commission. The Commission had adopted the findings and recommendations of the arbitrator and had allowed the plaintiff temporary total disability compensation for 30 weeks, and compensation for 10% permanent and complete loss of use of both legs.

The circuit court held that the decision of the Commission was contrary to law and against the manifest weight of the evidence in that the Commission did not make an award under section 8(d) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.8(d)), for partial incapacity to pursue his usual employment.

The court in effect found that the order of the Commission was against the manifest weight of the evidence and found facts which would make section 8(d) (partial incapacity to pursue usual employment) applicable rather than section 8(e), which provides for compensation for specific loss.

It is well settled that a court may not reverse a decision of the Industrial Commission unless that decision is contrary to the manifest weight of the evidence. (*Wilson v. Industrial Com. (1972), 51 Ill.2d 522; Wooldridge v.*

*Industrial Com. (1970), 47 Ill.2d 244.*) We must therefore consider the facts of the case.

On November 17, 1968, the plaintiff slipped on a frosty loading dock, fell on his back, and rolled off the dock while working for the defendant, Du Quoin Packing Company. That day he went to see his family physician, and returned to that physician 4 or 5 times in the next 2 weeks. He missed only a few hours of work due to this injury.

On March 1, 1969, he injured his back by using it to lift a refrigeration unit from a scaffold in connection with attaching it to the ceiling at the Du Quoin plant. He reported the incident to his foreman but continued to work. Two days later he left work due to pain in his back and saw the partner of his family physician, the latter being away on vacation. He was placed in the hospital the following day and remained there for 22 days, during which time his treatment consisted of placing a bed board under his mattress, taking pain pills, and receiving heat and ultra-sound treatments. He was told to stay off his feet and he continued under the care of his physician until July of 1969. He was then seen by Dr. Smolik, a neurosurgeon, who did a myelogram of the plaintiff. Another orthopedic surgeon also saw him. In preparation for this litigation, Dr. Smolik reported that there was no evidence of organic disease of the central or peripheral nervous system to suggest a compressive lesion such as a herniated disc. Thereupon the plaintiff was discharged from care. This list of doctors does not include those physicians who examined the plaintiff at the request of the defendant. All of these physicians agreed that although the plaintiff could no longer do heavy work, he could and should do light work, described by his examining doctor as lifting no more than 30 or 40 pounds.

The record clearly indicates that the defendant offered the plaintiff work as an oiler at least 4 times, and

that the plaintiff was told that the work would be within the limits set by his doctors in terms of strain on the back. The plaintiff refused to return to work on this basis, citing as justification the contention that he knew how heavy the work would be, and that he knew he would be unable to do it.

There is clearly sufficient evidence in the record to support a finding that the plaintiff suffered total temporary disability and the permanent and complete loss of the use of both legs to the extent of 10% thereof. It was uncontradicted that he could do light work and it was also clearly stated that the defendant would provide him with such work as his doctors testified he was capable of performing.

In the analogous situation of whether an employee is permanently or temporarily disabled, we have said, "It is not enough for an employee to show that he did not work. It must also appear that he was not able to work." *Western Cartridge Co. v. Industrial Com. (1934), 357 Ill. 29, 33.*

The plaintiff here has shown only that he did not accept the defendant's offer of light work which was within his physical capabilities. He has not shown other than by his own statement that the work offered by the defendant was not suitable. The Industrial Commission was therefore justified in finding that the plaintiff was not partially incapacitated to pursue his usual employment. It can not be said that such a finding was against the manifest weight of the evidence. A court when reviewing an award made by the Industrial Commission may not disturb the findings unless they are contrary to the manifest weight of the evidence. It is not the function of the court in such cases to try disputed questions of fact and weigh the evidence. *Wilson v. Industrial Com. (1972), 51 Ill.2d 522; Wooldridge v. Industrial Com. (1970), 47 Ill.2d 244.*

Section 8(d) of the Workmen's Compensation Act applies "except in cases covered by the specific schedule set forth in paragraph (e) of this Section ***." Section

8(e) sets forth awards for specific loss, 8(e)(12) being the award for specific loss of the use of the leg.

The circuit court in its order states in paragraph 5 thereof: "This is not a case covered by the specific schedule set forth in Paragraph 8(e) for the reason that the petitioner's injuries are not limited to his legs and that an award merely for 10% disability in both legs does not cover the disability due to his low back injury which has resulted in temporary total disability, and permanent partial incapacity for performance of his usual and customary line of employment."

As discussed above, we are of the opinion that the decision of the Industrial Commission was not against the manifest weight of the evidence. Inasmuch as the order of the circuit court is based on a finding that the decision of the Industrial Commission was against the manifest weight of the evidence in determining that section 8(d) is the applicable statutory section, the order of the circuit court must be reversed and the award as fixed by the Industrial Commission confirmed.

*Order reversed; award confirmed.*