AMERICAN STEEL FOUNDRIES, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(James McNeace, Appellee.)

*Opinion filed November 30, 1973.*

KEEFE & DE PAULI, of East St. Louis, for appellant.

CALVO, MATEYKA & HILL, of Granite City, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

This case concerns a decision of the Industrial Commission that the appellee, James McNeace, had suffered total and permanent disability as a result of an occupational disease—pneumoconiosis. The last day of his employment was April 26, 1968, and his application was

filed with the Commission on September 6, 1968. The decision of the Commission was affirmed by the circuit court of Madison County, and an appeal was taken from the judgment of that court.

The sole issue is whether there is sufficient evidence to support the award of the Industrial Commission and the circuit court that James McNeace sustained a disablement from an occupational disease resulting in total and permanent disability.

Certain evidence is not controverted. James McNeace began work for the appellant in 1941. For the first two years he worked as a chipper, removing rough spots from castings and smoothing those spots with a grinder. The latter part of this period he wore a respirator because of the dusty nature of the work. In 1943 he became a cutting gas operator and all-purpose welder, and performed these jobs until his retirement at age 66. While he was welding, he was not subject to sand, but there were fumes from the welding torch. When he worked as a cutting gas operator, he wore a hood but there was sand on the floor and the sand would come up under the hood and get into his nostrils. About two years before his retirement he began experiencing shortness of breath, and in 1968 he retired and went on a United Steelworkers pension and regular Social Security benefits.

Dr. Marvin Rosecan testified that it was his opinion, based on a reasonable degree of medical certainty, that the petitioner was disabled from performing duties in an industrial plant when he saw him in 1965, 1968 and 1969; and that it was his opinion that there had been a deterioration in the petitioner's condition from 1965 to 1968.

Dr. Martin Davis testified that it was his opinion that petitioner had second-stage silicosis.

The testimony of three doctors was presented. It is sufficient for purposes of this review to note that all three doctors stated that, at the time of the arbitration hearings

or shortly prior thereto, the appellee was industrially disabled to some extent.

Some confusion may arise here from the difference between the meaning of medical disability and the legal concept of total and permanent disability under the Workmen's Occupational Diseases Act (Ill. Rev. Stat. 1971, ch. 48, par. 172.36 *et seq.*). For the purposes of the Act, one is disabled when he cannot continue to work "without endangering his life or health." (*Western Cartridge Co. v. Industrial Com. (1934), 357 Ill. 29, 33.*) The fact of retirement is not relevant to the inquiry, nor is the employee's age.

It is well settled that a court may not reverse a decision of the Industrial Commission unless that decision is contrary to the manifest weight of the evidence. (*Wilson v. Industrial Com. (1972), 51 Ill.2d 522; Woolridge v. Industrial Com. (1970), 47 Ill.2d 244.*) The only issue here is whether or not James McNeace was disabled. We hold that the decision of the Industrial Commission is not against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Madison County is therefore affirmed.

*Judgment affirmed.*