(No. 45498.—

R. ADELE WIRTH, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Lawlor Industries, Inc., Appellee.)

*Opinion filed May 29, 1974.—Rehearing denied June 28, 1974.*

Jack Ring, Ltd., of Chicago, for appellant.

Wiedner & McAuliffe, of Chicago (Frank J. Wiedner, John P. McAuliffe and William J. Harte, of counsel), for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Cook County which confirmed a decision of the Industrial Commission denying a claim for death benefits because of the death of the claimant's husband. The case was

appealed to this court pursuant to Supreme Court Rule 302(a)(2). 50 Ill.2d R. 302(a)(2).

The appellant presents three issues on this appeal: (1) whether the Industrial Commission erred in permitting the respondent, which had introduced no evidence whatsoever at the arbitration proceedings, to present evidence at the hearing on review before the Commission; (2) whether the Industrial Commission erred in permitting the respondent's medical experts to answer hypothetical questions which excluded allegedly undisputed and material facts, and (3) whether the decision of the Industrial Commission is against the manifest weight of the evidence.

The deceased, Frank E. Wirth, at the time of his death, and for 2½ years immediately preceding, had been employed by Lawlor Industries, Inc. (hereafter respondent), which had succeeded to the business of the S. C. Lawlor Company, a bankrupt. Wirth had worked for that company since 1965. There was testimony by officers and employees of respondent or its predecessor company that the deceased worked long hours, and was, as a practical matter, in charge of the company through this difficult business period, and that he was under much job-related mental stress in connection with production deadlines and financial difficulties. This testimony was presented before the arbitrator at hearings on May 20 and 21, 1970. At this time the claimant's medical expert, Dr. Albert G. Miller, testified briefly as to his background and in part as to his qualifications as an expert witness. The respondent did not present any witnesses at any hearing before the arbitrator.

The final hearing before an arbitrator took place on October 7, 1970. At that time the only witness to testify was Dr. Miller, who, after being qualified as an expert, answered a hypothetical question based on the testimony of previous witnesses as to the stress resultant from the deceased's occupation. Dr. Miller testified that in his opinion death was due to a myocardial infarction, and that there was a causal connection between that myocardial

infarction and the deceased's occupation. Counsel for the respondent explained later that he offered no evidence at that time because he believed that the claimant had not put forth sufficient evidence to justify an arbitrator's award. However, the arbitrator entered an award for the claimant and the respondent sought review before the Industrial Commission.

At the hearing before the Commission, the respondent was allowed to present the testimony of two medical experts, over the objection of the claimant that the Commission was only empowered to hear "additional evidence" by statute and that, since the respondent had put forth no evidence below, it was precluded from presenting evidence before the Commission. After the hearing, the Commission set aside the arbitrator's award in favor of the petitioner. The Commission's decision was confirmed by the circuit court.

The problem of statutory construction raised by the appellant involves section 19(e) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.19(e)). The pertinent language is:

> "(e) If a petition for review and agreed statement of facts or transcript of evidence is filed, as provided herein, the Commission shall promptly review the decision of the Arbitrator or committee of arbitration and all questions of law or fact which appear from the statement of facts or transcript of evidence and such *additional* evidence as the parties may submit. ***
>
> If a reporter does not for any reason furnish a transcript of the proceedings before the Arbitrator in any case for use on a hearing for review before the Commission, within the limitations of time as fixed in this Section, the Commission may, in its discretion, order a trial de novo before the Commission in such case upon application of either party." (Emphasis ours.)

We believe that the appellant is correct in her contention that, since there is a record before the Commission in this case, the proceedings before the Commission may not be a trial *de novo*. This court further

defined proceedings before the Commission in *Meade v. Industrial Com.* (1971), 48 Ill.2d 215, 220-221, as follows:

"The jurisdiction of the Commission to review the evidence taken before the arbitrator and to consider any further evidence properly presented to it is original as opposed to appellate jurisdiction. Such a review is neither a trial *de novo* nor simply a review of the record, but is *sui generis.* The award of the arbitrator becomes final by its entry upon the records of the Commission if it is not contested. If it is contested before the Commission, the jurisdiction of the Commission to review is original jurisdiction."

Under the circumstances of this case, the jurisdiction of the Commission was not appellate but original, and we hold generally that whether or not the additional evidence should be heard by the Commission is a question within its sound discretion.

The procedure before the Commission was not a trial *de novo*, for such a trial takes place when the hearing at the review level "*** is a trial had as if no action had been instituted in the court below." (*Burstein v. Millikin Trust Co.* (1954), 2 Ill.2d 243, 245; *Bley v. Luebeck* (1941), 377 Ill. 50, 60.) Here the Commission relied on the record below and the additional evidence offered by the respondent.

A factual situation exists here in which, in effect, the respondent chose a particular trial strategy, that of not putting forth any evidence before the arbitrator to controvert that of the claimant on the ground that it believed that the claimant's proof was insufficient to prevail in and of itself.

We need not decide the question of whether the Commission abused its discretion in this case, for, on all of the evidence presented, we are of the opinion that the decision of the Commission is against the manifest weight of the evidence.

It is well settled that a court may not reverse a decision of the Industrial Commission unless that decision is against the manifest weight of the evidence. (*American Steel Foundries v. Industrial Com.* (1973), 55 Ill.2d 538, 540.) This test, however, must be applied only as to competent evidence, and it is necessary therefore to address the question of whether or not the Commission erroneously admitted the testimony of the respondent's two medical experts.

The appellant's contention that the Commission allowed the respondent to ask improper hypothetical questions of its medical experts is not well taken. McCormick on Evidence (2d ed. 1972), at page 34, states the applicable rule as follows: "The more expedient and more widely prevailing view is that there is no rule requiring that all material facts be included. The safeguards are that the adversary may on cross-examination supply omitted facts and ask the expert if his opinion would be modified by them, and further that the trial judge if he deems the original question unfair may in his discretion require that the hypothesis be reframed to supply an adequate basis for a helpful answer." (Also see: *Clifford-Jacobs Forging Co. v. Industrial Com.* (1960), 19 Ill.2d 236.) In the light of this rule, we find the testimony of the respondent's experts to be competent.

The claimant's medical expert testified that emotional stress is a possible cause of myocardial infarction, and that, in his opinion, there was a causal relationship in this case between the deceased's occupation and his death. In answer to a hypothetical question which encompassed the deceased's work experience with the respondent, the expert answered that there was such a causal relationship.

The respondent's medical experts were asked a much shorter hypothetical question, concerning only that period of time surrounding the deceased's death. Both of respondent's experts were of the opinion that it was not possible to form an opinion with a reasonable degree of medical

certainty as to whether or not there was a causal connection between the deceased's occupation and his death. The respondent's medical experts were unable to agree with the general proposition that emotional stress can cause a myocardial infarction. The hypothetical question asked of them was limited on that basis.

We believe the Industrial Commission has misapplied the law on the facts of this case. The court in *Gus T. Handge & Son Painting Co. v. Industrial Com.* (1965), 33 Ill.2d 201, 205, said, "If a workman's existing physical structure gives way under the stress of his usual labor, his death is an accident which arises out of his employment." It was established in *Republic Steel Corp. v. Industrial Com.* (1962), 26 Ill.2d 32, 45, that, "To come within the statute the employee must prove that some act or phase of the employment was a causative factor in the ensuing injury. He need not prove it was the sole causative factor nor even that it was the principal causative factor, but only that it was *a* causative factor in the resulting injury."

The claimant's medical expert testified that there was a causal connection between the deceased's death and his occupation. The respondent's medical experts, in effect, denied that emotional stress can cause changes in a person which may lead to myocardial infarction, yet one stated that "It is true that under stressful circumstances blood cholestrol has been shown to be elevated," and the other stated: "There is a relationship between cholestrol and acute myocardial infarction"; and they did agree that emotional stress can trigger the malfunction. This triggering role is sufficient to support an award under the Workmen's Compensation Act. *Republic Steel Corp. v. Industrial Com.* (1962), 26 Ill.2d 32, 45.

The decision of the circuit court of Cook County confirming the decision of the Industrial Commission is reversed, and the cause is remanded for the entry of a judgment based on the arbitrator's award.

*Reversed and remanded, with directions.*