(No. 53204.—)

PATRICK CORIELL, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Electro-Motive Division, General Motors Corp., Appellee).

*Opinion filed December 1, 1980.*

John P. McAuliffe and Richard J. Leamy, Jr., of Wiedner & McAuliffe, of Chicago, for appellant.

Thomas D. Nyhan and Ellis A. Ballard, of Pope, Ballard, Shepard & Fowle, of Chicago (Otis M. Smith and Donald Knapp, of counsel), for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Claimant, Patrick Coriell, filed with the Industrial Commission an application for adjustment of claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*) alleging a work-related accident

while employed by respondent, Electro-Motive Division of General Motors Corp. An arbitrator awarded compensation, but upon review the Commission reversed, finding that claimant failed to prove he sustained accidental injuries arising out of and in the course of his employment. The circuit court confirmed the Commission's action, and claimant appealed to this court pursuant to our Rule 302(a). 73 Ill. 2d R. 302(a).

Claimant testified that on July 9, 1975, he hurt his back in the area of his left shoulder while swimming during his vacation. He returned to work on July 11 and complained to his foreman of this injury, as a result of which he was put on light duty doing bench welding. He further testified that on Monday, July 14, while setting up his work station he lifted a 55-pound roll of welding wire. As he turned with the wire held about chest high, he stepped on an angle iron, lost his balance, and twisted his back. He felt a sharp pain across his lower back and sat down for some time. What steps claimant then took to inform his employer of this injury are in dispute. Claimant testified that, during his work shift on July 14, he informed his regular foreman, and the foreman of the department to which he had been "farmed out," that he injured his back lifting the wire. The respondent called the regular foreman and the temporary foreman. Both testified that claimant did not mention the accident to them on July 14. It is, however, undisputed that on the following day he requested permission to visit the medical department at work and while on his way there was stopped by a plant superintendent. His foreman approached and heard claimant say he was going to the nurse because he hurt his back lifting wire. The foreman told him he thought claimant hurt it on vacation. Claimant responded that he hurt it then, too. Thereafter, he was off work for an extended period, was hospitalized for his condition, and underwent a lumbar laminectomy.

Dr. Greenwald, who had performed the laminectomy, was called by respondent and testified that claimant had given a history of low-back pain. He had stated that he initially injured his lower back in a swimming accident in July 1975, reinjured it in mid-July, and was hospitalized by his family physician, Dr. Bass, on July 16, 1975.

Dr. Irwin Barnett was called by claimant and testified that he examined claimant on two occasions. In answer to a hypothetical question posing substantially the same facts testified to by claimant, Dr. Barnett stated it was his opinion that there might or could be a causal connection between the July 14, 1975, work incident and the present state of ill being. On cross-examination respondent's counsel asked Dr. Barnett a hypothetical question with differing facts. The doctor was now to assume that the hypothetical individual had injured his low back in a swimming accident and to further assume that there was no work accident on July 14, 1975. Counsel for respondent assured the arbitrator that evidence would later be adduced which would support this set of facts, noting that claimant could move to strike this question and answer if at the close of the evidence such facts were not of record. Dr. Barnett was permitted to answer, stating that on these facts it was his opinion that there might or could be a causal relationship between the swimming accident and the present state of ill being.

On redirect examination claimant attempted to further vary the hypothetical. This time the expert was to assume the swimming injury to the low back and also the July 14, 1975, work accident. Respondent's objection to this question was sustained on the ground claimant could not pose a hypothetical fact impeaching his own testimony. Specifically, because he had testified that he had hurt his shoulder not his low back while swimming, he could not have the doctor assume aggravation of a low-back swimming injury by a work-related low-back injury. At the

close of evidence before the arbitrator, claimant did not move to strike the hypothetical question posed by respondent.

A medical report by Dr. Leo Frederick Miller, who examined claimant, was also introduced into evidence by respondent. That report indicated that claimant had given a history of injuring his shoulder while on vacation and a few days later suffering a work incident involving his lower back.

Claimant urges here that the rulings on the hypothetical questions constituted reversible error. We do not agree. The Commission operates under common law rules of evidence: "[T]he rules of evidence shall apply in all proceedings had before the Industrial Commission, either upon arbitration or review" (Rules Governing Practice Before the Industrial Commission Under the Workmen's Compensation and Occupational Diseases Act, Rule 3—(5) (1980)); and we are thus guided by ordinary rules of evidence in civil cases.

The hypothetical question put to an expert witness on direct examination should be so framed as to state the facts which the interrogating party claims have been proved and for which there is support in the evidence. (2 Jones, Evidence sec. 14:26, at 651-52 (6th ed. 1972); McCormick, Evidence sec. 14, at 33 (2d ed. 1972). This court has held that counsel propounding a hypothetical question has a right to ask it incorporating only the elements favoring his theory which appear in the evidence. (*Johns-Manville Products Corp. v. Industrial Com.* (1979), 78 Ill. 2d 171; *Gus T. Handge & Son Painting Co. v. Industrial Com.* (1965), 33 Ill. 2d 201; see 18 Ill. L. & Prac. *Evidence* sec. 330 (1956).) On cross-examination the opposing party may substitute in the hypothetical those facts in evidence which conform with his theory of the case. (*Wirth v. Industrial Com.* (1974), 57 Ill. 2d 475.)

Because in many instances the opposing party has not had a chance to present his case in chief at that point, the hypothetical question on cross-examination may, at the discretion of the trial court, include facts not yet in evidence if there is an assurance by counsel that such facts will later be established. (*Needy v. Sparks* (1977), 51 Ill. App. 3d 350; McCormick, Evidence sec. 14, at 33 (2d ed. 1972).) The party whose witness is being cross-examined is protected from a failure to supply those facts in that the trial court or an arbitrator may reserve ruling on the issue until the close of evidence, or admit it, as occurred here, subject to a later motion to strike if the missing evidence is not supplied. (*Jamison v. Lambke* (1974), 21 Ill. App. 3d 629.) The arbitrator did not abuse his discretion by admitting the testimony in the light of the assurances by counsel for respondent that the new facts in the hypothetical would be forthcoming when respondent's case in chief was presented. Particularly is this true in a nonjury hearing. If claimant believed those facts were not supplied, his remedy was a motion to strike the objected-to testimony at the close of respondent's case.

Nor can we say that prejudicial error resulted from the action of the arbitrator in refusing to permit the hypothetical question posed by claimant on redirect examination. Dr. Barnett had already expressed his opinion that he believed a causal connection might or could exist between claimant's ill being and the low-back injury as claimant testified it occurred. The difficulty is that the Commission apparently did not credit claimant's testimony, and permitting Dr. Barnett to answer the hypothetical question posed on redirect examination would not have eliminated that problem. The arbitrator's refusal to permit the answer did not, in our judgment, constitute reversible error.

The only issue remaining is whether the Commission's decision is against the manifest weight of the evidence. The

rule is settled that courts will not overturn decisions of the Commission unless they are contrary to the manifest weight of the evidence even though the court might have arrived at a different conclusion were it deciding the case initially. (*United Airlines, Inc. v. Industrial Com.* (1980), 81 Ill. 2d 85; *Phelps v. Industrial Com.* (1979), 77 Ill. 2d 72; *Walden v. Industrial Com.* (1979), 76 Ill. 2d 193.) It is the function of the Commission to draw permissible inferences from disputed evidence and resolve contested facts. (*Long v. Industrial Com.* (1976), 62 Ill. 2d 289.) We cannot say that the manner in which it has done so here is contrary to the manifest weight of the evidence.

We accordingly affirm the judgment of the circuit court of Cook County.

*Judgment affirmed.*