(No. 62539.

DONALD D. WERRIES, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.* (R. T. Atkinson Elec-
tronic Company, Appellee).

*Opinion filed October 17, 1986.*

44

SIMON, J., dissenting.

Roger D. Lapan, of Calandrino, Logan, LaMarca & Lapan, P.C., of Springfield, for appellant.

Robert L. Mueller, of Livingstone, Mueller, Gunning, O'Brien & Davlin, P.C., of Springfield, for appellee.

JUSTICE RYAN delivered the opinion of the court:

The claimant, Donald D. Werries, filed an application for adjustment of claim under the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*) for injuries allegedly sustained while he was employed by R. T. Atkinson Electronic Company (Atkinson). An arbitrator found that the claimant had failed to prove that he sustained accidental injuries arising out of and in the course of his employment by Atkinson and denied his claim for compensation. The Industrial Commission affirmed the arbitrator's decision. The claimant sought review in the circuit court of Sangamon County, which confirmed the decision of the Industrial Commission. The Industrial Commission division of the appellate court, with two justices dissenting, affirmed the judgment of the circuit court (136 Ill. App. 3d 731) and supplied the required statement that the case presented a substantial question which warranted consideration by this court. Pursuant to Supreme Court Rule 315 (94 Ill. 2d R. 315(a)), we granted the claimant leave to appeal.

The claimant was the only witness to testify in the hearing before the arbitrator. He related that on January 23, 1979, while employed as a construction electrician by Atkinson, he slipped, fell off a semitrailer, and landed on his left hip. The claimant estimated that he fell approximately 5 feet. He testified that he experi-

enced pain in his left hip, back, and shoulder. According to the claimant, he reported this incident immediately to his general foreman, Robert Beasely, who was present at the time of the occurrence. The claimant indicated that he first sought medical attention the next morning when he consulted a physician, Dr. Ernest C. Bones. The claimant stated that he was also treated by chiropractors, Dr. Arthur K. Beams, Dr. R. J. Partain, and Dr. Dennis Doyle, and by orthopedist Dr. David W. Mack. Various medical reports were presented to the arbitrator which revealed that the claimant was treated with muscle relaxants, physical therapy, and medication. A number of these reports made reference to the alleged work-related injury.

The arbitrator denied compensation benefits, finding that the claimant had failed to prove that an accident occurred which arose out of and in the course of his employment by Atkinson. The arbitrator specifically noted that there were "no records in evidence showing any medical or chiropractic treatment to [Mr. Werries] from the alleged date of accident until June 29, 1979."

The claimant petitioned the Industrial Commission for review of the arbitrator's decision. In his petition, the claimant indicated his intention to introduce additional evidence before the Industrial Commission. At the hearing before the Commission, the claimant sought to introduce the testimony of Robert Beasely and the medical records of Dr. Arthur K. Beams. The commissioner, however, sustained Atkinson's objection to the introduction of this additional evidence before the Commission on the grounds that both Beasely's testimony and Dr. Beams' medical records were available to the claimant at the hearing before the arbitrator. The claimant then made an offer of proof that Mr. Beasely would testify that he was present and in charge of the job as general foreman on January 23, 1979, that he heard some commotion and

saw the claimant being helped from the ground, that it was an icy day, that the ground was frozen, and that he permitted the claimant to leave work to see a doctor. Beasely would further testify that on the same day he made a report of the occurrence and sent it to Atkinson. The claimant also made an offer of proof that Dr. Beams' medical records would show that he treated the claimant on January 23, 24, 25, 26, 29, 30, 31, and February 2, 1979.

The claimant sought review in the circuit court of Sangamon County by writ of *certiorari*. The circuit court confirmed the decision of the Industrial Commission. The appellate court, with two justices dissenting, affirmed the judgment of the circuit court. Relying on Industrial Commission Rule 4—(4)(B)(3), which states that "[e]vidence may be adduced on review if the evidence *** was not introduced at the arbitration hearing for good cause," the appellate court concluded that the record failed to establish good cause for not introducing Mr. Beasely's testimony and the records of Dr. Beams at the arbitration hearing. 136 Ill. App. 3d 731, 736.

The sole issue raised by the claimant in this court is whether the Industrial Commission erred in not allowing the claimant to present additional evidence at the hearing on review. No question has been raised either in the lower courts or this court concerning whether the finding of the arbitrator that the claimant failed to prove an accidental injury arising out of and in the course of his employment by Atkinson is against the manifest weight of the evidence.

It is undisputed that "[t]he jurisdiction of the [Industrial] Commission to review the evidence taken before the arbitrator *and to consider any further evidence properly presented to it* is original as opposed to appellate jurisdiction. Such a review is neither a trial *de novo* nor simply a review of the record, but is *sui generis*."

(Emphasis added.) (*Gray v. Industrial Com.* (1979), 76 Ill. 2d 552, 558; *Meade v. Industrial Com.* (1971), 48 Ill. 2d 215, 220-21.) Whether further evidence should be heard by the Industrial Commission, however, is a question within its *sound discretion. (Walden v. Industrial Com.* (1983), 93 Ill. 2d 527, 531-32; *Niles Police Department v. Industrial Com.* (1981), 83 Ill. 2d 528, 536; *Wirth v. Industrial Com.* (1974), 57 Ill. 2d 475, 479; *Meade v. Industrial Com.* (1971), 48 Ill. 2d 215, 221.) Industrial Commission Rule 4—(4) has established guidelines for the exercise of a commissioner's *discretion* in the matter of admissibility of evidence at the review hearing:

"(B) Limitation of Evidence
Evidence may be adduced on review if the evidence:
(1) relates to the condition of the Petitioner since the time of the arbitration hearing; or
(2) relates to the matters that occurred or conditions that developed after the arbitration hearing; or
(3) *was not introduced at the arbitration hearing for good cause."* (Emphasis added.) (6 Ill. Admin. Reg. 8040, 8048-49 (July 1, 1982); 50 Ill. Admin. Code, ch. II, sec. 7040.40(b).)

This provision is now incorporated in the Workers' Compensation Act with a slight change in sentence structure of subparagraph (3), which reads in the Act, "was, for good cause, not introduced at the arbitration hearing." Ill. Rev. Stat. 1985, ch. 48, par. 138.19(e)(3).

It is the claimant's position that the record establishes good cause for not introducing Mr. Beasley's testimony and the medical records of Dr. Beams at the arbitration hearing. The claimant submits that time constraints and practical considerations regarding the arbitration process were sufficient to establish good cause for not introducing the evidence he later sought to introduce for the first time before the Commission. The

claimant further submits that when, as here, an arbitrator's decision is based upon some particular aspect of the evidence presented which was not expected or contemplated by the losing party, then additional evidence must be allowed upon review by the Industrial Commission. Specifically, the claimant argues that the additional evidence should have been admitted on review to offset an erroneous judgment made by the arbitrator: "A case was made at arbitration for accident and seeking medical care, but the Arbitrator chose to ignore positive evidence and chose instead to rely on some circumstantial evidence to presume no treatment and therefore no accident."

We disagree with the claimant that the commissioner erred in not allowing the additional evidence to be adduced on review. The reasons articulated by the appellate court in affirming the commissioner's decision to exclude the additional evidence are persuasive. First, "there was nothing offered by [the claimant] at the hearing on review which amounts to a showing of good cause for his failure to introduce the testimony of Mr. Beasley and medical records of Dr. Beams before the arbitrator. The evidence was not shown to be unavailable at the time of arbitration nor was any explanation offered for its absence other than counsel's decision not to present this evidence due to time considerations." (136 Ill. App. 3d 731, 736.) Second, "[t]he approach suggested by [the claimant that additional evidence should be admitted on review to offset an erroneous judgment made by the arbitrator] would result in an unworkable procedural rule premised upon a party's subjective *ex post facto* evaluation of an arbitrator's decision. The adoption of the interpretation of the rule urged by [the claimant] would, in effect, invalidate Industrial Commission Rule 4—(4)(B)(3) requiring a showing of good cause." (136 Ill. App. 3d 731, 736.) Third, "[w]hile we recognize that time is often

at a premium when presenting a workers' compensation case before an arbitrator, this fact does not justify a failure to produce sufficient evidence to establish a claim or defense. A party cannot present only a portion of his case before the arbitrator and then subsequently supply the deficient portions by presenting additional evidence before the Industrial Commission." 136 Ill. App. 3d 731, 736-37.

We would also point out that the result reached today is consistent with the Industrial Commission's position that "an Arbitrator must have all available evidence before him at the time of hearing in order to render a proper decision." (Dohe v. City of Chicago, Department of Public Works, Bureau of Construction (1982), Ill. Indus. Com. No. 82 IIC 203.) In numerous published decisions, the Commission has denied litigants the opportunity to present additional evidence on review, reasoning that the "failure to make reasonable efforts to present all available evidence to the Arbitrator deprive[s] him of the opportunity to review all the evidence together before reaching a decision, and only serve[s] to hamper the efficient administration of the Workers' Compensation System, to the potential detriment of the parties in all other cases." (Feliciano v. Sidney Wanzer & Sons, Inc. (1982), Ill. Indus. Com. No. 82 IIC 727; see also Edmones v. Kluwozon Retreat Center (1985), Ill. Indus. Com. No. 85 IIC 29; Corirossi v. Northern Illinois Gas Co. (1985), Ill. Indus. Com. No. 85 IIC 125; Stoutemire v. Stewart Warner Corp. (1984), Ill. Indus. Com. No. 84 IIC 311; Smith v. Schaumburg Fire Department (1983), Ill. Indus. Com. No. 83 IIC 267; Breece v. Crown Steel Sales, Inc. (1982), Ill. Indus. Com. No. 82 IIC 445.) The claimant's counsel in the present case assumed a significant risk by withholding evidence that was readily available and that could have been presented at the time of arbitration. We therefore hold that it was within the

commissioner's discretion to deny the claimant's request to present this additional evidence on review.

For the reasons set forth, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICE SIMON, dissenting:

I would follow the sound dissenting opinion filed in the appellate court by Justice McNamara and concurred in by Justice Barry.

In its request for arbitration, the employer indicated that it disputed the occurrence of an accident and the receipt of notice from the claimant. At the hearing before the arbitrator, however, the employer offered no witnesses in support of its position. The claimant, on the other hand, testified that he suffered the accident, described how it happened and named the foreman, Robert Beasely, who was present when it occurred and who received notice on behalf of the employer. He also furnished the names of a physician the claimant said he visited the morning after the accident and a chiropractor he claimed he saw several times shortly after the accident. This was sufficient to establish a *prima facie* case. When the employer chose not to offer any witnesses disputing the claim, there was no reason for the claimant to prolong the arbitration proceeding by offering evidence in rebuttal. That evidence would merely have been cumulative. Thus, the claimant's decision to refrain from offering additional evidence should be regarded as a salutary one: it reduced the expense of prosecuting the claim, shortened the size of the record to be reviewed, and in general accelerated the completion of the proceeding. Moreover, there was no need for the claimant to embarrass Mr. Beasely, his foreman, by calling him for testimony which would be adverse to their employer and inconsistent with the position the employer took prior to

the hearing but failed to support at the hearing—that there had never been an accident and that it had not received notice of an accident.

Notwithstanding the absence of any evidence contradicting the claimant's testimony, the arbitrator reached a conclusion adverse to the claimant. As the majority opinion explains, the arbitrator relied upon the absence of records showing any medical or chiropractic treatment to the claimant from the date of the alleged accident on January 25, 1979, until June 29, 1979, to reach her conclusion—in disregard of the claimant's unquestioned testimony—that the claimant had failed to prove the occurrence of a compensable accident. Because the arbitrator's finding was based entirely on inferences which were contradicted by the only direct evidence offered, I believe, as did the two dissenting justices in the appellate court, that the claimant's offer of additional eyewitness testimony relating to the occurrence of the accident and medical records to clarify the dates of visits to the physician and chiropractors was both a logical and expeditious way to establish that the arbitrator misunderstood the evidence. That mistake constituted good cause within the meaning of the rule, particularly where, as in this case, the arbitrator's evaluation of the case was erroneously influenced by the employer's unsupported pleadings and demonstrated an unanticipated misunderstanding of the evidence presented. As the dissenting justices pointed out, the refusal to consider additional evidence was especially unreasonable where "the employer's own agent is prepared to expose a spurious defense." The clear showing of a need to offer additional evidence in a proceeding of this type to avoid a miscarriage of justice or denial of a meritorious claim should be regarded as sufficient to constitute "good cause" as that term is used in the Industrial Commission rule as well as in the statute. The majority's conclusion

that "good cause" was not shown in this case is unduly technical, and it stands in the way of arriving at a just and truthful resolution of the claim.

There is a second compelling reason to reverse the appellate court's decision in favor of the employer. The majority states that the only issue in this court is whether the claimant should have been allowed to present additional evidence at the hearing on review before the Industrial Commission. It then goes on to observe that the claimant has not "either in the lower courts or this court" challenged the arbitrator's finding that the claimant failed to prove an accidental injury as being against the manifest weight of the evidence. (114 Ill. 2d at 47.) Both in this court and the appellate court, however, the claimant contended that his additional evidence should have been admitted to offset an erroneous judgment made by the arbitrator. The claimant argued in this court: "A case was made at arbitration for accident and seeking medical care, but the Arbitrator chose to ignore positive evidence and chose instead to rely on some circumstantial evidence to presume no treatment and therefore no accident." This is sufficient to raise an issue as to whether the arbitrator's finding was against the manifest weight of the evidence, even though those precise words were not used. The claimant was the only witness before the arbitrator. He offered the only evidence that was received. His testimony that he fell approximately five feet while at work in the presence of his foreman, sought medical attention the next morning from a physician, and shortly thereafter was treated by chiropractors stands uncontradicted and unrebutted. On this state of the record I believe that the proper conclusion for this court to reach is that the arbitrator's finding was clearly erroneous.

I regret to say that in my opinion technicalities have been permitted to suppress the truth and override justice

in this case. If, as the majority concludes, truth and justice in this case can only be achieved at the expense of invalidating Industrial Commission Rule 4—(4)(B)(3), then the rule is already invalid in my view and in need of reform. Procedural rules of the Industrial Commission are intended to assist arbitrators and the commissioners in the dispensation of justice, and it is a strange procedure when courts sacrifice justice for the preservation of procedural rules.