COLLINS *v.* WHITEHEAD *et al.*

*(Circuit Court, D. Colorado. March 5, 1888.)*

LIBEL AND SLANDER—SLANDER OF TITLE—DAMAGES—WEIGHT AND SUFFICIENCY OF EVIDENCE.

In an action for defaming one's title to land caused by filing for record a claim to have it conveyed, evidence that the plaintiff was thereby prevented from selling the land, and using the proceeds in his business, is sufficient to support a verdict for substantial damages, without further proof of special damages.

At Law. Motion for new trial

*R. D. Thompson*, for plaintiff.

*B. F. Montgomery*, for defendant.

HALLETT, J. Defendants are real-estate brokers in Denver. Plaintiff resides at Kansas City, in the state of Missouri, and owns a tract of land

near Denver.  In the early part of last year defendants applied to plaintiff to purchase the land, and negotiations followed, which resulted in a proposition by the plaintiff to sell the land for $15,000.  To complete the transaction, plaintiff sent to the Union Bank of Denver a deed to be delivered to defendants on payment of the $15,000, provided such payment should be made on the 5th day of March, 1887.  Defendants claimed to have discovered some defect in the title, and did not take the deed on that day, but applied to plaintiff for further time in which to examine the title, and this request was refused.  On the 7th day of March, 1887, defendants filed in the office of the recorder of deeds a paper which was duly recorded, as follows:

"Know all men by these presents, that whereas, on or about the 28th day of February, A. D. 1886, Andrew W. Whitehead and Edwin K. Whitehead, constituting the firm of Whitehead Brothers, of Arapahoe county, Colorado, bargained for and bought of Sewell G. Collins the undivided half of the east half of the north-east quarter, and the undivided half of the north-west quarter of the north-east quarter, all of section 23, township 4 south, of range 68 west, Arapahoe county, Colorado, for the sum and price of $15,000, which sum and price said Sewell G. Collins agreed to accept in payment in full for said above-described land, and to convey the same by good and sufficient warranty deed to said Whitehead Brothers, or assigns, and whereas said Whitehead Brothers are ready and willing to comply with their part of said contract, and accept warranty deed to said land upon the terms agreed upon, and pay therefor the said sum agreed upon, and have made tender thereof to said Sewell T. Collins, and demanded conveyance of said lands as aforesaid:  Now, therefore, this will give notice that said Whitehead Brothers claim the right to enforce said contract to convey said lands as aforesaid, and for damages for failure of said Collins to carry out said contract; and this statement of claim is filed for record in the office of the county clerk and recorder of said county to the end that a claim and lien may be created, and exist upon and against said lands hereinbefore described for the enforcement of said contract, or for damages, for both.                      ANDREW WHITEHEAD.   [Seal.]
                                  "EDWIN K. WHITEHEAD.   [Seal.]
                                     "WHITEHEAD BROTHERS.

"*State of Colorado, County of Arapahoe—ss.:* Personally appeared before me this 7th day of March, A. D. 1887, Andrew Whitehead and Edwin K. Whitehead, and acknowledge that they executed the foregoing instrument as their free act and deed, and as the free act and deed of said firm of Whitehead Brothers.

"Given under my hand and notarial seal this 7th day of March, A. D. 1887. [Notarial Seal.]                      "ELMER W. MERRITT, Notary Public."

Upon demand by plaintiff afterwards made, defendants refused to revoke or cancel the paper, and plaintiff brought suit in the district court of Arapahoe county for such relief.  He also brought this suit in the nature of an action for defamation of title, to recover damages for putting the paper on record.  The theory of the case is that the paper marks a cloud on plaintiff's title which, until it was removed by the district court of Arapahoe county, hindered and prevented plaintiff from selling or otherwise disposing of the land.

On the trial plaintiff obtained a verdict for $1,550 damages.  Several questions were raised at the trial, and now again on motion for new trial,

of which we think that but one is worthy of consideration. That touches the measure of damages, and is beset with difficulties. At the trial plaintiff sought to show that the land depreciated in value after the paper was put on record; and if he had succeeded in that, his right to recover to the extent of the depreciation would be clear enough. But the evidence tended more to prove that the land had risen in value since the paper was filed than to the theory of depreciation; and so the jury was advised not to rely on that ground. It was thought also that malice was not sufficiently charged in the complaint to support a verdict for exemplary damages, although the evidence seemed to prove that the act of filing the paper was willful and without cause. Still the plaintiff was allowed substantial damages, without proof of such, except in so far as they might be disclosed in the transaction itself. Evidence was given to the effect that plaintiff was anxious to sell the property in order to obtain money for other enterprises, but not disclosing the nature of such enterprises. And the jury was told that every man may dispose of his own as he thinks fit; and, by way of illustration, that it often happens that men need money in their business affairs, and are compelled to sell property which they may wish to keep, in order to obtain it; and that any one who shall wrongfully interfere with such right of disposal should answer in damages as in the judgment of the jury may be reasonable under all the circumstances. If, in the opinion of the jury, putting the paper on record hindered or prevented the plaintiff in selling or otherwise disposing of his land, the act itself was unlawful, and the jury could return damages as to them seemed just. So understood, the case seems something like that in which a defendant failed to pay an incumbrance as he had agreed to do, (*Loosemore* v. *Radford*, 9 Mees. & W. 657;) or to satisfy a judgment as was his duty, (*Allen* v. *Conrad*, 51 Pa. St. 487;) or, being a banker, to pay a check with funds in hand, (*Rolin* v. *Steward*, 14 C. B. 595,)—in all which substantial damages were allowed without proof of special damage. It is not claimed that these cases are exactly in point, or that others may not be found which appear to be in conflict with them. But the principal on which they rest may be extended to the case at bar, and sound reason seems to require it.

Certainly one who wantonly puts on record such a paper, apparently with the intent to compel the owner of the property to come to terms with him, ought not to have refuge in the technicalities or the weakness of the law. The injury to plaintiff was real, however difficult the proof of it may be. He was compelled to bring suit to remove the cloud from his title, and, for the time, his property was useless to him. It would be a reproach to the law to give only nominal damages in such a case, and, if anything substantial is to be allowed, it cannot be claimed that the verdict is excessive. The motion for new trial will be overruled.

BREWER, J. I did not sit in the trial of this case, but I heard with my brother, HALLETT, the argument on the motion for a new trial. And while the question is a doubtful one, yet I think substantial justice has been done, and the verdict ought to stand.