CHATHAM ESTATES, a Corporation, v. AMERICAN NATIONAL BANK, a Corporation.

(Filed 10 May, 1916.)

1. Actions—Damages—Wrongful Injury—Pleadings—Demurrer.

The defendant had entered suit against the plaintiff, denying its title to lands, the complaint therein constituting a *lis pendens*, and thereafter submitted to a voluntary nonsuit. In the present action the plaintiffs allege that the defendants knew that the title to the lands was in the plaintiff, and instituted the action willfully, wantonly, and intentionally to injure the plaintiff's credit, and the cloud thus cast upon their title to the lands caused them damages in preventing the sale thereof. *Held*, the defendant, in its action, was not privileged to damage the plaintiff, as stated, the matter being between the parties, and a demurrer to the complaint in the present action will be overruled.

**2. Same—Cloud Upon Title—Levy—Possession.**

Where it appears that the defendant had cast a cloud on the title to the plaintiff's land by an action wantonly, willfully, and wrongfully instituted by it, thereby causing the damages claimed by the defendant in the present suit, it is not necessary that the defendant should have seized the property or that attachment should have been levied, when the cloud cast upon the title of the plaintiff caused the damages.

**3. Actions—Wrongful Injury—Nature of Actions—Demurrer—Appeal and Error.**

Where the complaint sufficiently alleges a cause of action against the defendant for damages to the plaintiff's property by casting a cloud upon its title, in a former action, it is not necessary to decide, in passing upon the sufficiency of the demurrer thereto on appeal, whether the action was one for slander of title, malicious prosecution, or for an abuse of legal process.

CIVIL ACTION heard, on demurrer, by *Webb, J.,* at November Term, 1915, of MECKLENBURG.

From a judgment sustaining the demurrer and dismissing the action, the plaintiff appealed.

*F. I. Osborne, H. L. Taylor for plaintiff.*
*Herbert McClammy, H. B. Smith, Tillett & Guthrie for defendant.*

BROWN, J. The substance of the complaint is that the defendant brought an action against the plaintiff in the Superior Court of Mecklenburg County about July, 1913, and filed a complaint, as well as a *lis pendens* therein. Copies of the said complaint and *lis pendens* are attached to the complaint in this action, marked "Exhibits A and B."

It is needless to set out the allegations of Exhibit A more fully than to say that the purpose of the action, as indicated by the allegations of the complaint and the prayers for judgment, was, first, to compel the directors of the United Development Company to transfer to the American National Bank a certificate of stock; second, to compel Paul Chatham, W. S. Lee, and N. A. Cooke to pay into the treasury of the United Development Company a balance due for stock; third, to have certain credits entered on certain notes given by the Chatham Estate, Inc.; fourth, to declare void a certain deed for all of its lands and properties, executed by the United Development Company to the Chatham Estate, Inc.; fifth, to recover of Paul Chatham the sum of $2,000.

The principal object of the action, however, seems to have been to set aside the deed from the United Development Company to the Chatham Estate. The present complaint alleges that at September Term, 1914, of the Superior Court of Mecklenburg County the Amer-

ican National Bank submitted to a voluntary nonsuit in said action as to the United Development Company, W. S. Lee, and N. A. Cooke, and that a demurrer was filed to the complaint by the other defendants, which was sustained by the court, and the action dismissed, and from this ruling no appeal was ever taken or perfected by the American National Bank.

The complaint in the present action further alleges that the above action, together with the complaint and *lis pendens* filed therein, constitute a cloud upon plaintiff's title to the lands conveyed to it, and hindered, delayed, and prevented the plaintiff from borrowing money upon the security of said lands, which it attempted to do for the purpose of improving the lands and putting them upon the market in salable condition; that in consequence of this, plaintiff sustained the loss of a large sum of money and was compelled to withdraw practically all of the said lands from the market during the pendency of the said action. The complaint goes on to give instances of agreements to sell parts of the land to certain individuals, which the plaintiff was compelled to abandon because of the pendency of the said action.

The complaint further alleges that this defendant well knew that the plaintiff was seized in fee simple of said land, and that it commenced the said action without probable cause, with reckless disregard of the plaintiff's rights, and wantonly, falsely, willfully, maliciously intending to injure the plaintiff in its good name, fame, and credit, and that it caused the plaintiff to be generally suspected and believed not to be the owner of the said lands which the plaintiff was endeavoring to sell.

The complaint further alleges that the action was brought falsely, wantonly, willfully, maliciously, without probable cause and with reckless disregard of the plaintiff's rights in the premises, for the purpose of breaking down the plaintiff's good name, fame, and credit, and that the action terminated by judgment in plaintiff's favor, from which this defendant did not appeal.

The defendant demurs to this complaint substantially upon the ground that no cause of action is stated and that its right to bring the action complained of is privileged, and cannot be made the basis of a cause of action against it. The demurrer is a legal admission of the facts set forth in the complaint, and, therefore, they must be taken to be true, and, so taking them, they charge a complete invasion of the rights of the plaintiff and a substantial wrong done to it.

It is not necessary that we should decide whether this action is one for slander of title, malicious prosecution, or for an abuse of legal process. If the facts in the complaint constitute a cause of action upon the proof of which to the satisfaction of the jury damages are allowable, then the complaint is sufficient, and, as is said in *R. R. v. Hard-*

*ware Co.,* 138 N. C., 174, it is immaterial whether the action be classified as one for malicious prosecution or for an abuse of legal process. It seems to us to be beyond question that one who wantonly, maliciously, without cause, commences a civil action and puts upon record a complaint and a *lis pendens* for the purpose of injuring and destroying the credit and business of another, whereby that other suffers damage, must be liable for the legal consequences. This complaint not only alleges all this was done wantonly, maliciously, and without probable cause, but that the plaintiff suffered actual damage in the conduct of its business by the stoppage of the sale of its lands.

It is earnestly contended that this action cannot be maintained because there was no seizure of the plaintiff's property and no attachment was levied upon it. This position cannot be maintained, in view of the fact that the complaint and *lis pendens* taken together constituted such a cloud upon the plaintiff's title that it effectually stopped the sale and transfer of its lands, as much so as a writ of attachment levied upon them would have done.

In considering this case, it must be borne in mind that the allegations of the complaint are to the effect that the action against the plaintiff was brought maliciously, wantonly, falsely, without probable cause, for the express purpose of injuring the plaintiff's credit, and with full knowledge that the plaintiff had title to the lands which it was offering for sale.

It would be a reproach to the law to give no damage in such a case. *Collins v. Whitehead,* 34 Fed., 121; *Kirkhand v. Coe,* 46 N. C., 423.

Where one resorts to the process of the law without probable cause, willfully and maliciously, for the purpose of injuring his neighbor, there is no ground of public policy which excuses him from the damage inflicted by his wrongful act, and as is said by *Chief Justice Pearson* in the last cited case: "It is a matter between private citizens, and if the wrongful act of one causes loss to another, there is no reason why compensation should not be made."

The judgment of the Superior Court is reversed, and the cause is remanded, to the end that the defendant may answer over.

Reversed.