## No. 11,065.

### JOHNSTON *v.* DEIDESHEIMER, ET AL.

Decided February 2, 1925.

Action for damages for malicious prosecution.    Judgment for defendants.

### *Reversed.*

1.   PLEADING—*Malicious Prosecution—Probable Cause.*    Averment in a complaint that actions against plaintiff by defendant were instituted without right and maliciously with intent and purpose to injure plaintiff, held a sufficient allegation of want of probable cause.

2.   *Legal Conclusions—Facts.*    In an action for malicious prosecution, an allegation that the suit was instituted without probable cause, is sufficient, for although the allegation is a legal conclusion, it is also an ultimate fact, and ultimate, not evidential, facts should be pleaded.

3.   MALICIOUS PROSECUTION—*Damages.*    In an action for malicious prosecution the injured party is entitled to recover actual damages sustained, as well as exemplary damages.

4.   *Pleading.*    Complaint in an action for malicious prosecution, held to sufficiently allege damages which are recoverable.

5.   *Lis Pendens.*    If a suit is brought maliciously and without probable cause, and notice of lis pendens filed therein, liability would attach for such filing, for any damages occasioned thereby.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. HALSTED L. RITTER, for plaintiff in error.

Mr. George C. Manly, Mr. Everett E. Trout, for defendants in error.

*Department Three.*

Mr. Justice Sheafor delivered the opinion of the court.

The plaintiff in error, plaintiff in the court below, brought this suit against defendants to recover damages alleged to have been sustained by reason of two suits brought against him by defendant Marguerite Deidesheimer, which he claims were wilfully, without right, and maliciously brought.

A general demurrer to the complaint was sustained and judgment rendered dismissing the action. The plaintiff brings the case here.

The complaint alleged, inter alia, that the defendants conspired and confederated together to wrong and injure the plaintiff; that they caused defendant Marguerite Deidesheimer to file the two suits against him; that they caused her at the same time to file and record in the office of the clerk and recorder lis pendens notices; that afterwards the actions were dismissed; that the actions were wilfully and maliciously brought, without any right whatsoever in the plaintiff in that suit, and were for the purpose of deliberately preventing the plaintiff here from completing, renting or selling the apartments involved.

The defendants contend that the complaint does not state a cause of action, in that it does not allege want of probable cause, and that the damages alleged are not recoverable; that the right to file a lis pendens notice is given by the Code, and in the filing for record of an instrument which one has a right to file he commits no wrong.

We think the averment in the complaint that the actions against plaintiff by defendant Marguerite Deidesheimer were instituted without right and maliciously, and with the intent and purpose to injure the plaintiff, is a sufficient allegation of want of probable cause. Assuredly, an action could not be instituted in such circumstances and at

the same time there be probable cause for the action. Had the complaint stated that the suits were instituted without probable cause it would have been sufficient, for although the allegation "without probable cause" is a legal conclusion, it is also an ultimate fact, and ultimate, not evidential facts should be pleaded. *Struby-Estabrook Mercantile Co. v. Kyes,* 9 Colo. App. 190, 48 Pac. 663. The averment contained in the complaint is as effective as the words "without probable cause."

Plaintiff offered to amend the complaint by alleging in words that the actions against plaintiff were instituted without probable cause, but was informed by the court that such amendment, if made, would not change the situation and would avail plaintiff nothing.

There can be no doubt that the injured party is entitled to recover the actual damage sustained, and such as are the direct and natural or proximate consequences of the wrongful act. Exemplary damages may be recovered in addition to compensatory damages. We think the complaint alleges damages which are recoverable, and in that respect is sufficient. *Kolka v. Jones,* 6 N. D. 461, 71 N. W. 558, 66 Am. St. Rep. p. 615; *O'Neill v. Johnson,* 53 Minn. 439, 55 N. W. 601, 39 Am. St. Rep. 615; *Collins v. Whitehead,* 34 Fed. 121.

As to the contention that filing a lis pendens notice would not render the defendants liable, it is sufficient to say that if the suits brought by defendant Marguerite Deidesheimer against plaintiff were brought maliciously, and without probable cause, then it follows that liability would attach, for filing the notices, for such damages, if any, as may have been sustained by reason of the filing. *Collins v. Whitehead, supra.*

The judgment is reversed and remanded, with instructions to overrule the demurrer.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur.