Z. W. AUSTIN v. WELLES WILDER AND ODELL BARTLETT

No. 7418SC1090

(Filed 18 June 1975)

1. **Duress— filing of suit and lis pendens — economic duress — summary judgment improper**

In an action to recover on a promissory note, the trial court erred in granting summary judgment for plaintiff where plaintiff alleged that he sued defendants for sums owed him on account of a joint venture between the parties for construction of apartments, plaintiff and defendants settled the dispute and as part of the agreement defendants paid plaintiff $10,000 and executed a promissory note for $15,000, defendants alleged that plaintiff voluntarily withdrew from any business association with defendants no later than February 1971, in July 1971 defendants held an option on land for the apartment project and obtained in the same month a commitment for a construction loan and permanent financing for the project, learning that the loan was about to be closed, plaintiff filed his civil action against defendants and filed notice of *lis pendens* on the land upon which the apartments were to be built, the notice of *lis pendens,* if not removed, would have prevented the loan from being made to defendants, there was no immediately available alternative source of financing, defendants, lacking sufficient time to oppose plaintiff's lawsuit or to establish the invalidity of the notice of *lis pendens,* were forced to accede to plaintiff's demands or face severe economic losses far in excess of the amount which plaintiff demanded, and only because of this "severe economic duress" defendants signed the promissory note and transferred the $10,000 to plaintiff.

2. **Duress— filing of civil suit — misuse of process — duress recognized**

Ordinarily the filing of a civil suit to establish a claim, whether the claim be ultimately determined to be well founded or not, will not in itself be sufficient to show any wrongful duress imposed upon the defendant in such suit; however, when the plaintiff goes further and wrongfully perverts or abuses the processes of the court to coerce something for which the process was not intended, the court is warranted in granting relief to the victim of such coercion, either by recognizing an action for the tort of abuse of process, or by recog-

nizing duress such as to justify avoidance of the transactions coerced by such misuse of process.

APPEAL by defendants from *Crissman, Judge.* Judgment entered 1 October 1974 in Superior Court, GUILFORD County. Heard in the Court of Appeals 12 March 1975.

Civil action on a promissory note. In complaint filed 10 September 1973 plaintiff alleged: On 20 July 1971 he sued defendants and others in Superior Court alleging defendants were indebted to him on account of a joint venture between the parties for construction of an apartment complex in Greensboro. On 30 July 1971 he and defendants agreed to settle the dispute. As part of that agreement defendants paid him $10,000.00 on the closing of the construction loan for the apartment complex and executed the promissory note here in suit, copy of which is attached to the complaint. The note, dated 2 August 1971, was in the principal amount of $15,000.00, bore interest at 9 percent per annum, was signed by defendants, and was payable to the order of plaintiff on the second anniversary of its date. Despite demands for payment, defendants have made no payment on the note. Plaintiff prayed judgment for $15,000.00 plus accrued interest.

Defendants answered and alleged as a defense: When plaintiff sued them in 1971 he knew he had no right or interest whatsoever in the apartment project. He also knew that defendants had negotiated for a construction loan which the lender was preparing to make and that if the lender refused to make the loan, defendants would suffer "great, immediate and devastating economic loss." Knowing this, plaintiff filed his complaint and notice of lis pendens solely to cause the lender to refuse to make the construction loan and "thereby place the defendants under such duress and compulsion that they would accede to his monetary demands, notwithstanding that these demands were invalid." Plaintiff knew that even if his claim was valid, it was not of the type for which a notice of lis pendens was permitted by G.S. 1-116. Notwithstanding knowing this, plaintiff filed a notice of lis pendens "with the malicious and extortionate intent to compel defendants to capitulate to his demands, knowing them to have no foundation in law or equity." The filing by plaintiff of the complaint and notice of lis pendens in 1971 constituted "an abuse of the judicial process of this State because plaintiff's motive in filing these documents, and especially the Notice of

Austin v. Wilder

Lis Pendens contrary to the requirements of law, was to place a cloud on the title and prevent defendants from obtaining their construction money, thus subjecting them to financial ruin, when plaintiff well knew that his action in no way affected title to the realty and that his claim was unfounded." Defendants prayed that plaintiff recover nothing of them on the note and counterclaimed to recover the $10,000.00 they had paid to plaintiff.

Plaintiff replied to the counterclaim, alleging that defendants had entered into the agreement settling the prior lawsuit voluntarily and with advice of counsel and that defendants had executed, in addition to the note and a memorandum of the settlement agreement, a "Release" dated 2 August 1971 by virtue of which the parties released each other from any and all claims whatsoever arising at any time prior to execution of the release, except for the obligation of defendants to pay the promissory note in the amount of $15,000.00 to the plaintiff.

Following the serving of interrogatories by plaintiff and defendants, plaintiff moved for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure. The motion was allowed, and from summary judgment that plaintiff recover of the defendants the amount sued for in the complaint and that defendants' counterclaim be dismissed, defendants appealed.

*Smith, Carrington, Patterson, Follin & Curtis by Marion G. Follin III for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter by James A. Medford for defendant appellants.*

PARKER, Judge.

Defendants assign error to the granting of plaintiff's motion for summary judgment. A careful examination of the record, which consists of pleadings and exhibits, answers to interrogatories, and affidavits, discloses that entry of summary judgment for the plaintiff was improper.

Entry of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). The party moving for summary judgment "has the burden of 'clearly establishing the lack of any triable issue of fact by the record

properly before the court. His papers are carefully scrutinized; and those of the opposing party are on the whole indulgently regarded.' 6 Moore's Federal Practice (2d ed. 1971) § 56.15[8], at 2439." *Page v. Sloan,* 281 N.C. 697, 704, 190 S.E. 2d 189, 193 (1972).

In determining what constitutes a "genuine issue as to any material fact," our Supreme Court has stated that " 'an issue is material if the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action. . . . [Citations omitted.]' " *McNair v. Boyette,* 282 N.C. 230, 235, 192 S.E. 2d 457, 460 (1972). Applying this test, we find that plaintiff as movant has failed to carry the burden of establishing the lack of a genuine issue of material fact in this case.

[1] Plaintiff based his motion for summary judgment upon the showing that defendants executed the note and the "Release" as part of the settlement of plaintiff's prior civil action against them. He contends that the defenses set forth in defendants' answer simply constitute an effort to relitigate the prior civil action. In response to plaintiff's motion, defendants filed their joint affidavit in which they stated the following: Plaintiff voluntarily withdrew from any business association with defendants no later than February 1971. Learning that defendants were about to acquire the requisite funds for the apartment project, plaintiff made unfounded demands on defendants for his share of the project. Defendants denied the validity of these demands. In July 1971 defendants and others held an option on land for the apartment project and had obtained in the same month, a period when any type of financing was difficult to secure, a commitment for both a construction loan and permanent financing for the project. Learning that the loan was about to be closed, plaintiff filed his civil action against defendants and filed the notice of lis pendens on the land upon which the apartment project was to be built. This notice of lis pendens, if not removed, would have prevented the loan from being made to defendants. Without the loan, the project would have failed because the time period for exercising the option was expiring and there was no immediately available alternative source of financing. Defendants, lacking time sufficient to oppose the lawsuit or to establish the invalidity of the notice of lis pendens, were forced to accede to plaintiff's demands or face certain and severe economic losses far in excess of the amount which plain-

tiff demanded. Only because of this "severe economic duress," defendants "signed a number of papers" and transferred the $10,000.00 to plaintiff.

[2]   "Facts asserted by the party answering a summary judgment motion must be accepted as true." *Railway Co. v. Werner Industries*, 286 N.C. 89, 98, 209 S.E. 2d 734, 739 (1974). Applying this rule in the present case, and accepting as true the facts set forth in defendants' affidavit for purposes of reviewing the trial court's action in allowing plaintiff's motion for summary judgment, we find such facts sufficient to establish defendants' defense that their signatures on the note and their payment of the $10,000.00 were the result of duress imposed upon them by wrongful acts of the plaintiff such as to entitle them to relief. Certainly plaintiff had the right in 1971 to assert his original claim by filing suit to recover a money judgment against defendants. Courts are established for the very purpose of providing for the orderly settlement of disputed claims. Therefore, ordinarily the filing of a civil suit to establish a claim, whether the claim be ultimately determined to be well founded or not, will not in itself be sufficient to show any wrongul duress imposed upon the defendant in such suit. However, when the plaintiff goes further and wrongfully perverts or abuses the processes of the court to coerce something for which the process was not intended, the court is warranted in granting relief to the victim of such coercion, either by recognizing an action for the tort of abuse of process, *Estates v. Bank,* 171 N.C. 579, 88 S.E. 783 (1916), or by recognizing duress such as to justify avoidance of the transactions coerced by such misuse of process. *See* D. Dobbs, Handbook on the Law of Remedies, § 10.2, pp. 665-666; Dawson, Duress Through Civil Litigation (pts. 1-2), 45 Mich. L. Rev. 571, 679 (1947) ; Dalzell, Duress By Economic Pressure (pts. 1-2), 20 N. C. L. Rev. 237, 341 (1942). As stated in the opinion in *Estates v. Bank, supra:* "It seems to us to be beyond question that one who wantonly, maliciously, without cause, commences a civil action and puts upon record a complaint and a *lis pendens* for the purpose of injuring and destroying the credit and business of another, whereby that other suffers damages, must be liable for the legal consequences." 171 N.C. at 582.

Here, had plaintiff in 1971 filed suit only to establish his claim and to obtain a money judgment against defendants, we would find no grounds for relieving defendants from the settle-

ment made of that litigation. Plaintiff, however, went further and filed a notice of lis pendens when, if the facts set forth in defendants' affidavit be accepted as true, plaintiff had no lawful grounds under G.S. 1-116 to support the filing of a notice of lis pendens. Furthermore, still accepting the facts stated in defendants' affidavit as true, plaintiff filed the notice of lis pendens in order to coerce defendants and to accomplish an unlawful purpose for which lis pendens was never intended.

The release alleged in plaintiff's reply will not bar defendants' defense. The same duress which entitles defendants to recover the $10,000.00 which they paid and to be relieved from the obligation of the note also serves to vitiate the release.

The defendants also assign error to the trial court's denying in part their motion to compel plaintiff to answer certain specified interrogatories. Whether plaintiff's objections to such interrogatories, made pursuant to G.S. 1A-1, Rules 33 and 36(a), should be sustained is within the discretion of the trial court. *Travel Agency v. Dunn*, 20 N.C. App. 706, 202 S.E. 2d 812 (1974). The record discloses no abuse of this discretion.

For the reasons discussed, the judgment of the trial court is

Reversed.

Judges HEDRICK and CLARK concur.