Dennis REOH and Patricia J. Reoh, husband and wife; Michael D. Waddell and Cindy Waddell, husband and wife; Jerald A. Cox and Jacqueline K. Cox, husband and wife; Linda D. Brash and Linda D. Brash, as guardian for David Wayne Brash, a minor; and William E. Lewis, Appellants (Plaintiffs),

v.

SUCHOR INVESTMENTS, INC., Appellee (Defendant),

Mark S. Green, d/b/a Greene Brothers Construction, Inc.; Larry F. Suchor; William James Suchor; Ron Ely and Patricia Y. Ely, d/b/a R & P Home Builders; Jimmy L. Wise, d/b/a Fireside Homes, Inc., (Defendants).

No. 84-178.

Supreme Court of Wyoming.

May 9, 1985.

H.W. Rasmussen and Clay B. Jenkins of Badley and Rasmussen, P.C., Sheridan, for appellants (plaintiffs).

Jeffrey J. Gonda of Lonabaugh and Riggs, Sheridan; Franklin J. Wallahan of Wallahan Law Offices, Rapid City, S.D., for appellee (defendant).

Before THOMAS *, C.J., ROSE, ROO-NEY ** and CARDINE, JJ., and RAPER, J., Retired.

ROSE, Justice.

This appeal concerns the standard of care imposed upon a developer who subdivides raw land into lots for residential housing. Appellants-homeowners contend that the developer breached its duty to purchasers in this case by recommending underground construction levels below those levels recommended in its soils report. The district court determined that the developer's conduct did not amount to a breach of the duty established by this court

* Became Chief Justice January 1, 1985.

** Chief Justice at time of oral arguments.

in *Anderson v. Bauer*, Wyo., 681 P.2d 1316 (1984). We agree and will affirm the summary judgment granted by the district court in favor of the developer.

Appellee Suchor Investments, Inc. (Suchor) planned and developed Sleepy Hollow Subdivision in Campbell County, Wyoming. To insure that the subdivision complied with applicable county and federal regulations, Suchor hired Larson Engineering to serve as the project engineer. Larson Engineering engaged Northern Testing Laboratories, Inc. to analyze the soil and report on conditions which would affect the construction of houses. Test holes were drilled and the groundwater levels recorded for every lot in the subdivision. Based on these findings, Northern Testing Laboratories, Inc. recommended that basement floor slabs be built at least three feet above the recorded water levels:

> "Groundwater was encountered at depths of 6 to 12 feet over the southeast one-half of the site. These levels are expected to fluctuate with precipitation and runoff. To avoid the possibility of groundwater entering basements, the basement floor slabs should be maintained at least 3 feet above the level at which groundwater was encountered in the borings."

The soils report, including the recommendations for subsurface construction, was filed with the Campbell County Engineer's office.

Using the data compiled by Northern Testing Laboratories, Inc., Larson Engineering prepared for Suchor a "List of Lots Having Ground Water." This document specified the groundwater level encountered for each lot and recommended a minimum bottom footing elevation of two feet above the stated water level.

After the approval of Sleepy Hollow Subdivision by the Campbell County Commissioners, Suchor sold the five lots involved in this litigation to professional home builders. All builders were notified of the existence of the soils report and of Larson Engineering's recommendations concerning the placement of foundations.

The builders constructed homes on the subject lots and sold the properties to appellants. Water began seeping into the basements within a year after the completion of construction, and the homeowners brought suits against the developer and the builders. The trial court consolidated the actions and granted the developer's motion for summary judgment. This appeal concerns only the homeowners' claim against Suchor, the developer of the subdivision.

Appellants' claim against Suchor focuses upon an alleged discrepancy between the specifications for footings recommended by the project engineer and the specifications for basement slabs recommended in the soils report. Appellants contend that the developer, through its engineer, negligently furnished construction information which conflicted with that found in the soils report. Whether and to what extent Suchor misinformed the builders present questions of material fact, appellants urge, and, therefore, the trial court erred in granting summary judgment.

## STANDARD OF REVIEW

 When reviewing an order for summary judgment, this court

" * * * views the record in the light most favorable to the party against whom the summary judgment was entered, giving to that party the benefit of all favorable inferences which can be drawn from any of the materials which are submitted in support of or in opposition to the motion." *Schepps v. Howe*, Wyo., 665 P.2d 504, 506 (1983).

The propriety of summary judgment depends upon the dual findings that there is no genuine issue of material fact and that the prevailing party is entitled to judgment as a matter of law. *Rompf v. John Q. Hammons Hotels, Inc.*, Wyo., 685 P.2d 25 (1984); *Blackmore v. Davis Oil Company*, Wyo., 671 P.2d 334, 336 (1983); *Schepps v. Howe*, supra. We defined a material fact in *Johnson v. Soulis*, Wyo., 542 P.2d 867, 872 (1975):

" * * * [F]or purposes of ruling upon a motion for summary judgment a fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. Such a fact would necessarily affect the application of the appropriate principle of law to the rights and obligations of the parties. In considering a motion for summary judgment it is appropriate for a court to identify the essential elements of the plaintiff's cause or of the defense asserted, and to then determine the materiality of any fact in the light of whether it will establish or refute one of those essential elements. If it does not have that effect, it would not be a material fact in the controversy, and a genuine issue with respect to that fact, no matter how sharp, would not foreclose the granting of a motion for summary judgment."

Thus, proof that Suchor recommended erroneous building specifications presents a *material* fact for purposes of this summary judgment only if it establishes a breach of the duty owed by a land developer to purchasers of homes.

## DUTY OF CARE OWED BY THE LAND DEVELOPER

We reviewed the question of a land developer's liability where damage results to a home buyer in Anderson v. Bauer, supra. We recognized that a developer ought to have responsibility for his activities, yet he should not be subject to liability for a purchaser's every misfortune, so as to stifle the development of land into needed residential areas. We established a reasonable standard of conduct for those who develop land for the construction of homes:

" * * * [W]here land is subdivided and sold for the purpose of constructing residential dwelling houses, the developer has a duty to exercise reasonable care to insure that the subdivided lots are suitable for construction of some type of ordinary, average dwelling house and he must disclose to his purchaser any condition which he knows or reasonably ought to know makes the subdivided lots unsuitable for such residential building. He has a further duty to disclose, upon inquiry, information he has developed in the course of the subdivision process which is relevant to suitability of the land for its expected use." 681 P.2d at 1323.

Appellants in this case concede that the residential lots developed by Suchor were suitable for the construction of ordinary dwelling houses. Appellants further concede that the developer disclosed pertinent information upon inquiry. The homeowners contend, however, that liability results from Suchor's efforts to do *more* than that required under *Anderson v. Bauer*, supra. Suchor informed the builders of minimum bottom footing levels for lots with potential groundwater problems. Therefore, appellants urge, the developer assumed an obligation to provide accurate information and its failure to do so would constitute negligence entitling the homeowners to recover. Whether and to what extent the recommended footing levels conflict with the recommendations in the soils report thus become questions of material fact requiring expert testimony, according to appellants.

We cannot agree that Suchor, by recommending foundation levels to builders, breached the duty of care owed to the appellants. Suchor had no control over the type of house to be constructed on each lot. The builder, not the developer, decided the appropriate depths for foundations and whether a particular house would have a basement. Suchor's figures were good-faith recommendations, not mandatory directions, to be considered by the builders in light of all of the available engineering data.

Suchor made available to the builders the soil test results, including the groundwater level for each lot. The recommendations prepared by Northern Testing Laboratories, Inc. and Larson Engineering based on these data were also disclosed to the builders. The fact that these recom-

mendations conflicted with one another is insufficient to hold Suchor liable for water seepage in appellants' basements, where the analytical basis for the recommendations was available to the builders, and where the developer had no control over the nature of the houses built. Without question, the developer furnished lots that were suitable for the construction of dwelling houses. That satisfied its duty to the purchasers under *Anderson v. Bauer,* supra.

 The question of fact concerning Suchor's erroneous construction specifications has no application to the developer's duty of care to the purchasers in this case. Therefore, no issue exists as to any *material* fact and Suchor is entitled to prevail as a matter of law with respect to appellants' negligence claims.

The summary judgment is affirmed.