C. Bud RACICKY, Appellant
(Defendant),

v.

James A. SIMON, as Personal Represent-
ative of the Estate of Dorothy D. Si-
mon, Deceased, Appellee (Plaintiff).

No. 91–197.

Supreme Court of Wyoming.

May 15, 1992.

Georg Jensen, Cheyenne, for appellant.

Richard P. Boley, Boley & McKellar,
P.C., Cheyenne, for appellee.

Before URBIGKIT, C.J., and THOMAS,
CARDINE, MACY and GOLDEN, JJ.

THOMAS, Justice.

The principal legal question presented by
this appeal is whether the buyer, under a
contract for the sale of real estate, is enti-
tled to the remedy of rescission if the buy-
er has completed performance and the sell-
er is unable to perform. The issue is
presented in the context of a summary
judgment awarding rescission of the con-
tract to the personal representative of the
estate of the deceased buyer and providing
for restitution in the total amount paid plus
interest. A collateral issue presented in
the brief of the personal representative is
whether the amount of restitution ordered
by the district court is subject to modifica-
tion. That issue was not raised by a cross-
appeal as required by the Wyoming Rules
of Appellate Procedure. We hold re-
scission is available as a remedy; restitu-
tion was properly awarded by the trial
court; and the amount of restitution is not
subject to a change on appeal. We affirm
in its entirety the Order Granting Plain-
tiff's Motion for Summary Judgment;
Findings of Fact and Conclusions of Law
entered in the trial court.

C. Bud Racicky (Racicky), in his Brief of the Appellant, states the issues in this way:

1. Did the District Court err in concluding that the proper relief on a breach of contract for the sale of real property was a rescission of the sale rather than an award of damages?

2. Did the District Court err in finding that there was no material issue of fact in light of the affidavit of the defendant in opposition to the motion for summary judgment?

3. Did the District Court err in granting equitable relief of rescission when damages at law were capable of being awarded?

James A. Simon, as personal representative of the Estate of Dorothy D. Simon, deceased (when appropriate, "Simon" in this opinion may refer either to the deceased or to the personal representative as a party), offers this statement of issues in the Brief of Appellee:

I. Was there a disputed issue of material fact preventing summary judgment?

II. Was appellee entitled to rescission of the contract for sale of real property?

III. Was the proper measure of damages to appellee resulting from appellant's total failure of performance of the contract for sale of real property repayment of the purchase price, plus interest, from the date of each payment to appellant?

On January 30, 1980, Racicky entered into a contract to sell 320 acres of land to Simon. The stated consideration was $144,000 to be paid in three installments: $75,000 upon execution of the contract; $34,500 plus 10% interest on January 30, 1981; and $34,500 plus 10% interest on January 30, 1982. The contract bears the notation that it was paid in full on January 30, 1982. The land was not specifically described other than its location in Sections 9 and 10, Township 15 North, Range 66 West, and encompassing 320 acres. Racicky explained that he had an understanding with Simon as to the general location of the land which was the subject of the contract and the parties understood the land description would be particularized by survey.

At the time of this contract, Racicky was buying the land, which he had agreed to convey to Simon, from a third party under a contract for deed. In September of 1985, when he had not completed his contract to purchase and, obviously, had not conveyed to Simon, Racicky sought bankruptcy relief pursuant to Chapter 11 of the Bankruptcy Act. 11 U.S.C. §§ 1101–1174 (1979). As a result of the bankruptcy proceeding, Racicky forfeited the contract for deed that he had entered into with the owner of the land. At that juncture, it became impossible for Racicky to perform his contract with Simon. After Simon died, her personal representative discovered the agreement; determined that the payments had been made to Racicky; and recognized a transfer of the land to Simon had not been effected.

The personal representative then brought this action against Racicky seeking rescission of the contract and restitution of the full amount of the payments made by Simon to Racicky. Racicky defended the suit, essentially by asserting that damages in a much smaller amount than the payments made by Simon was an adequate remedy under the circumstances. After the personal representative had filed a motion for summary judgment, the district court granted that motion. The relief afforded was rescission of the contract and restitution in the amount of the payments received, together with interest at 10% which was calculated from the time that Racicky's performance became impossible. The total restitution awarded was $212,267.33. It is from the Order Granting Plaintiff's Motion for Summary Judgment; Findings of Fact and Conclusions of Law that Racicky has taken his appeal.

Racicky contends that money damages is an adequate remedy at law for breach of a contract to sell real estate, and it follows that the equitable remedy of rescission together with restitution should not have been afforded to Simon. In making this argument, Racicky concedes that Simon performed completely her obligations un-

der the contract and acknowledges that he failed to perform because performance was impossible. It is clear that Racicky was unable to obtain title to the land that he had agreed to sell.

We recognize that the payment of money damages generally is considered an adequate remedy for a breach of contract, but this general rule does not control a situation in which the contract is one for the sale of land. In the instance of a contract for the sale of land, the legal presumption is that equitable concepts will control the resolution of the dispute. The rationale underlying this presumption is that the unique character of each individual parcel of land renders the remedy of money damages inadequate. 11 Walter H.E. Jaeger, *Williston on Contracts* § 1418A (3d ed.1968). If Racicky's argument were to be recognized and accepted, the difference between the money damages that he suggests is an appropriate award and the amount actually paid to him by Simon would result in unjust enrichment to him by more than $100,000. Obviously, the parties could not be returned to the *status quo* at the time the contract was made by invoking the remedy of money damages. We are satisfied that Racicky cannot enjoy the benefit of any bargain that he could not, and did not, perform.

The general rule recognized by this court is that an injured party may rescind the contract where there has been a material breach. *Cady v. Slingerland*, 514 P.2d 1147 (Wyo.1973). Racicky argues, however, that, under Wyoming law, rescission of a contract for the sale of real property is available only when the seller has made a material misrepresentation. Racicky premises this contention upon *Hagar v. Mobley*, 638 P.2d 127 (Wyo.1981), but we do not read that case as limiting the availability of rescission to actions based on fraudulent misrepresentations by the seller. It only elaborates upon the required elements in an action based upon fraudulent misrepresentation when that is the theory the plaintiff invokes.

We are satisfied that Racicky's contention is not correct. Chief Justice Blume wrote for this court the proposition that "[t]he right to rescind exists for various reasons. Among them are enumerated want of title and insolvency of the vendor." *Hawkins v. Stoffers*, 40 Wyo. 226, 240, 276 P. 452, 456 (1929) (citing 39 Cyc. 1406, 1419, 2006–2008) (emphasis added). Almost sixty years later, we held that "[w]here contrary to a seller's covenant of merchantability, title to realty is unmarketable, a buyer ... is entitled to rescission." *Bethurem v. Hammett*, 736 P.2d 1128, 1134 (Wyo.1987). We can see no "substantial difference in an instance in which the seller cannot obtain title from an instance in which title is unmarketable." In *Hagar*, 638 P.2d at 133, this court adopted with approval the Restatement of Restitution §§ 28 and 150 (1937). The pertinent portion of the Restatement of Restitution § 28 states:

> A person who has paid money to another because of a mistake of fact and who does not obtain what he expected in return is entitled to restitution from the other if the mistake was induced:
>
> . . . .
>
> (b) By his innocent and material representation.

In this instance, Racicky represented to Simon that he would transfer title to the property to her upon payment of the agreed purchase price. She paid the agreed purchase price, and Racicky was unable to transfer the title. Simon obviously failed to obtain that which she was entitled to expect, and that sequence of events placed Simon in a situation in which she was entitled to rescind the contract pursuant to the proposition set forth in the Restatement of Restitution § 28(b). We have been unable to identify any authority to support Racicky's position that Wyoming does not follow the general rule that rescission is available to a fully performing buyer of real property if the seller is unable to transfer title as the seller agreed. It is clear that the amount of the consideration paid is the appropriate amount of restitution. Restatement of Restitution § 150.

In contending that the award of summary judgment was improper, Racicky

urges the existence of a controverted material issue of fact. For purposes of summary judgment, a fact is material only if it serves to establish or refute an element of the legal theory upon which the case is decided. *Allmaras v. Mudge,* 820 P.2d 533 (Wyo.1991); *Johnson v. Soulis,* 542 P.2d 867 (Wyo.1975). The claimed controverted issue of material fact relates to the actual value of the property. That issue of fact depends upon acceptance of Racicky's argument that the proper remedy was damages rather than rescission. We have concluded that rescission is the proper remedy, and the question of value becomes irrelevant. Racicky's contention of a genuine issue does not relate to a material fact in this controversy. The proper remedy to be invoked is a question of law, and we are satisfied that the trial judge correctly ruled that rescission was available. *See Fugate v. Mayor and City Council of Town of Buffalo,* 348 P.2d 76 (Wyo.1959).

■ Finally, we address briefly Simon's argument that the court should increase the amount of the judgment entered by the district court by computing the interest owed to Simon by Racicky from the date that each payment was made, rather than from the date that Racicky's performance became impossible. Simon's calculations would increase the total amount of the award to $269,896.83. It is Simon's argument that this is simply an adjustment of an error in mathematics. We do not agree that this is simply an error in computation. It is clear from the district court's order that the judge knew of the claim of interest from the date of payment and, as a substantive matter, interest was awarded only from the date that Racicky's performance became impossible. Our rule is well settled that a party who does not take an appeal may not attack a judgment in this court. Our requirement is that a cross-appeal be perfected in order to attack the judgment. *Broyles v. Broyles,* 711 P.2d 1119 (Wyo. 1985); *Doenz v. Garber,* 665 P.2d 932 (Wyo.1983); *Wyoming State Treasurer v. City of Casper,* 551 P.2d 687 (Wyo.1976). Simon did not file a notice of appeal as required by Wyo.R.App.P. 2.01, and his

contention is not open to consideration in this court.

In summary, we hold that the remedy of rescission was available to Simon under the contract for the sale of real property when Racicky was unable to convey the property described in the contract. We also hold that, when the remedy of rescission is available, a dispute relating to other remedies does not preclude the entry of a summary judgment for rescission and restitution. In an instance such as this, an award of money damages rather than restitution is neither required nor is it the preferred remedy.

The judgment of the district court in favor of Simon is affirmed.