In the Matter of Sherman HARRIS, deceased, employee.

Bonnie HARRIS, Appellant (Petitioner/Claimant),

v.

SINCLAIR TRUCKING, Appellee (Respondent/Employer),

and

State of Wyoming, ex rel. Workers' Compensation Division, Appellee (Respondent/Objector).

No. 94–221.

Supreme Court of Wyoming.

Aug. 15, 1995.

Susan Maher Guthrie, Casper, for appellant.

Catherine MacPherson, Rawlins, for appellee Sinclair Trucking.

Joseph B. Meyer, Atty. Gen.; Gerald W. Laska, Sr. Asst. Atty. Gen., Cheyenne, for appellee State of Wyoming, ex rel, Worker's Compensation Div.

Before GOLDEN, C.J., THOMAS, MACY, TAYLOR, JJ., and KAIL, DJ.

GOLDEN, Chief Justice.

Appellant Bonnie Harris, acting in her capacity as representative of her deceased husband, sought worker's compensation benefits on the basis her husband died of a compensable coronary condition caused by unusual or abnormal exertion related to his employment. *See* WYO.STAT. § 27–14–603(b) (Supp.1995). At the conclusion of a hearing, Harris was awarded benefits. The employer, Sinclair Trucking, filed a petition for review in the district court asking that additional evidence be taken before the hearing examiner. The district court remanded, finding the evidence Sinclair sought to add to the record was material and Sinclair had shown good cause why the evidence had not been presented at the original hearing. At the conclusion of the second hearing, the hearing examiner reversed his decision, denying Harris benefits.

Because we hold the district court erred in determining Sinclair had shown good cause to present additional evidence, we reverse and remand to the district court for review of the hearing examiner's original findings and conclusions.

Harris and Sinclair agree these are the issues:

1. Whether the Administrative Law Judge's decision rendered December 28, 1992, was correct as a matter of law and supported by substantial evidence.

2. Whether the District Court abused its discretion in remanding the case for additional evidence pursuant to Rule 12.08 W.R.A.P.?

3. Whether the Administrative Law Judge's decision rendered May 20, 1994, is correct as a matter of law and supported by substantial evidence?

The Division provides this statement of issues:

A. Whether the district court's remand to the Office of Administrative Hearings, for the taking of additional evidence, was an appropriate exercise of the discretion granted by Rule 12.08, W.R.A.P.

B. Whether the administrative conclusion that Sherman Harris' heart attack was not compensable under the standards of W.S. § 27–14–603 is supported by substantial evidence, in accordance with law and not arbitrary, capricious or an abuse of discretion.

Harris filed a claim for worker's compensation benefits on August 27, 1991, alleging her husband had died of a coronary condition on August 23, 1991. Sinclair began its discovery on November 12, 1991, including interrogatories. In answer to those interrogatories, dated April 23, 1992, Harris set out a theory of the case to the effect the heart attack was brought about by unusual exertion necessary to change a tire on the truck her husband was driving in the oil patch. The claim asserted: "It had been raining and the roadway turn[ed] into a greasy gumbo." Sinclair had expected a different tack (emotional stress, rather than unusual physical exertion) and, claiming surprise, asked that the hearing be continued. The hearing examiner continued the hearing until a date 33 days later.

At the original hearing, Sinclair cross-examined virtually all knowledgeable witnesses about changing a tire in muddy conditions and asked those questions on direct examination of its own witnesses as well. In its closing argument, Sinclair argued it is not unusual exertion to change a flat tire in muddy conditions; it is just that it is messier, not more strenuous. It is noteworthy that, in Sinclair's written closing argument in the original hearing, Sinclair conceded "[a] great

deal of hearing time was devoted to the discussion of mud and muck * * *." Sinclair's argument was Harris had failed to prove the mud's existence at the location and time her late husband changed the tire. Alternatively, Sinclair argued that, even if evidence of mud existed, the evidence was that changing a tire in mud was not unusual exertion for a professional truck driver. Of course, there was conflicting evidence in that regard. The hearing examiner awarded benefits to Harris and Sinclair filed a petition for review in the district court on January 26, 1993.

On June 11, 1993, Sinclair filed a motion to present additional evidence in the district court. In that motion, Sinclair protested the hearing examiner "mistakenly believed that it rained and [it] was muddy on the day Mr. Harris changed the tire * * *." Sinclair claimed those mistaken findings by the hearing examiner led to an erroneous result and, moreover, it was Harris's burden to prove it had rained and no such evidence by anyone with personal knowledge had been presented. Sinclair went on to claim the hearing examiner's determination was "a surprise of the greatest magnitude." At the original hearing, Harris testified her husband had shown no symptoms of heart disease or a heart attack prior to August 23, 1991. Further, she testified her husband came home on August 21, 1991, covered with mud and complaining he had had to change a tire under muddy conditions and "it about killed him." She also testified she guessed it had been "raining out there where he was that day." At the additional hearing, Sinclair presented evidence from a meteorologist to the effect that, based on available information, it had not rained in Medicine Bow or Rawlins, Wyoming, on the date Harris claimed it was muddy. Sinclair argued that evidence as follows:

"[D]uring the 24 hour period in August of 1991, between 8:00 Mountain Daylight Time on the 21st, ... and 8:00 a.m. on the 22nd, that, in fact, in Medicine Bow at the observation point that they recorded .05 inches of rain.

The task then became to pinpoint when that rain fell because we knew, or we know

now that this is the critical time period in order for it to be raining at the time he changed the tire, the rain had to have fallen before 2:45 for it to be muddy or raining at the time that he was changing the tire.

His opinion was that based upon all the information that he collected, including the Rawlins hourly observations, the lightning strike pattern, that the rain fell between 6:00 and 8:00 p.m. on the 21st.

Continuing on, Sinclair argued that since it did not rain (statistically speaking), it could not have been muddy and, therefore, the changing of the tire was only normal exertion. The meteorological expert also opined, however, it could have rained in the location where Harris changed a tire, even though it had not rained in Medicine Bow or Rawlins.

■■■ The threshold question in this case is whether the district court properly remanded to the hearing examiner to take additional evidence. Wyo.R.App.P. 12.08 provides that the district court shall order that additional evidence be taken by an agency if it is shown to the satisfaction of the court the additional evidence is material, and good cause existed for failure to present it in the proceeding before the agency. Material evidence is such evidence as is offered to help prove a proposition which is a matter in issue. 1 JOHN WILLIAM STRONG, McCORMICK ON EVIDENCE § 185 (4th Ed.1992). Obviously, in this instance, the evidence presented had the effect of reversing the hearing examiner's original decision. We question whether that evidence was *material* as contemplated by Rule 12.08. In that context, "material" has a more precise meaning than merely relevant or pertinent. *See Brown v. Avery*, 850 P.2d 612, 615 (Wyo.1993); *Racicky v. Simon*, 831 P.2d 241, 244 (Wyo.1992); *Reoh v. Suchor Investments, Inc.*, 699 P.2d 284, 286–88 (Wyo.1985); *Johnson v. Soulis*, 542 P.2d 867, 871–72 (Wyo.1975) (has legal significance; would control legal relations of parties; outcome of litigation depends upon it; would determine controversy; constitutes a part of cause of action or defense; estab-

lishes or refutes an essential element of a claim or defense).

It is clear from the record the additional evidence was peripheral to both Harris's claim and Sinclair's defense and it was also speculative. No offer of proof was made to the district court before the motion to remand was granted, but at the second hearing the expert could only testify it had, or had not, rained at certain times and in certain locations where such measurements were taken. However, he admitted it might well have rained in other places, even though located as little as two miles from the sites where rainfall measurements were recorded. At the original hearing, Harris had presented unrebutted evidence, to which no objection was made, that it was very muddy the day the tire was changed. Incidental to that testimony was Harris's surmise that it was raining or had rained that day.[1] The purport of Harris's proof was that changing the tire in mud was unusual exertion in her late husband's workaday life. Whether it had rained, or was raining, is not significant, controlling, dependent, determinative, or essential to that question—after all, mud can occur even though rain has not fallen (though, of course, other possible causes would be as speculative, but not more speculative, than the evidence presented which was only to the effect that it did not rain in Medicine Bow or Rawlins—but the tire change did not take place in Medicine Bow or Rawlins). Under these circumstances, it was the presence of mud that was material, not the presence of rain. We leave that specific issue unanswered, however, because the second determination the district court was required to make was that there was good cause to present that additional evidence at a second hearing.

■■■ The *only* cause offered by Sinclair as a basis to present additional evidence was that it had been "surprised" by Harris's evidence. The record simply does not bear out a claim of surprise; indeed, the only conclusion which can be reached in that regard is Sinclair was *not* surprised. Our standard of review in this instance is found in the word-

---

1. The district court found the record to be unclear as to how the hearing examiner determined it was raining and muddy. Actually the record is clear in this regard.

ing of Rule 12.08. A party is required to satisfy the district court there was good cause for not having presented the evidence in the proceedings before the agency. In *Wyoming Bank & Trust Co. v. Bonham*, 606 P.2d 296 (Wyo.1980), we addressed a similar issue and that decision was meticulous in applying the words of the rule, rather than the more general abuse of discretion standard.[2] Applying that same standard here, Sinclair claimed surprise and if there was a basis for the district court to have been satisfied that good cause existed, that basis had to have been the claim of surprise and the evidence which supported it. There is no evidence Sinclair was surprised by Harris's claims. Thus, we conclude the district court erred in remanding to the hearing examiner to take additional evidence. *Bonham*, 606 P.2d at 301–02; *see Werries v. Industrial Comm'n*, 114 Ill.2d 43, 101 Ill.Dec. 871, 873–74, 499 N.E.2d 459, 461–62 (1986) (a party may not remedy failure to present a portion of its case by presenting additional evidence); *Northern Illinois Gas Co. v. Industrial Comm'n*, 148 Ill.App.3d 48, 101 Ill.Dec. 145, 150, 498 N.E.2d 327, 332 (2 Dist.1986) (a party may not choose one trial strategy and then, when faced with adverse decision, supply additional evidence on review, absent good cause).

The district court included in its order of remand a directive that the hearing examiner recast its decision in a form complying with Wyo.Stat. § 16–3–110 (1992), i.e., separately stating the findings of fact and conclusions of law. While the findings and conclusions of the hearing examiner may not be a model of organization or preciseness in thought and expression, they meet the requirements of § 16–3–110 and incorporate all pertinent facts and applicable legal standards.

For this reason, we reverse and remand to the district court with directions that the original decision of the hearing examiner of December 28, 1992, be reviewed under the applicable standards.

THOMAS, J., files a "concurring and dissenting" opinion, with whom TAYLOR, J., joins.

THOMAS, Justice, concurring and dissenting, with whom TAYLOR, Justice, joins.

I agree that the decision of the district court should be reversed in this case. I would premise that result upon the failure of Sinclair Trucking to demonstrate "good cause for failure to present it [the additional evidence] in the proceeding before the agency existed * * *," as required by Wyo. R.App.P. 12.08. As the majority opinion points out, the Harris claim was premised upon unusual exertion attributable to changing a truck tire in the mud. There is no justification for the claim by Sinclair that it was surprised by any evidence relating to mud or rain. Good cause for failure to submit the meteorological data simply is not present in this record. We addressed the Wyo.R.App.P. 12.08 requirement for good cause in *Louisiana Land and Exploration Co. v. Wyoming Oil and Gas Conservation Comm'n*, 809 P.2d 775, 781–82 (Wyo.1991). In the context of the timing of the hearing in this matter, which manifests a continuance by the hearing examiner when Sinclair learned the claim was premised upon unusual physical exertion, there is no good cause shown for failure to present the evidence at the initial hearing.

I cannot agree, however, with the invocation of our definition of a material fact in the context of summary judgment proceedings to explain what "evidence is material" in the context of Wyo.R.App.P. 12.08. Reference to dictionary definitions demonstrates that these are discrete concepts:

**Material evidence.** That quality of evidence which tends to influence the trier of

2. "The justifications for committing decisions to the discretion of the court are not uniform, and may vary with the specific type of decisions. Although the standard of review in such instances is generally framed as 'abuse of discretion,' in fact the scope of review will be directly related to the reason why that category or type of decision is committed to the trial court's discretion in the first instance." *United States v. Criden*, 648 F.2d 814, 817 (3rd Cir.1981). In this regard, *see Love v. Love*, 851 P.2d 1283, 1289–91 (Wyo.1993), wherein this court discussed the concept of abuse of discretion as it relates to the determination of custody of children.

fact because of its logical connection with the issue. Evidence which has an effective influence or bearing on question in issue. *Barr v. Dolphin Holding Corp.,* Sup., 141 N.Y.S.2d 906, 908. [ (1955) ] "Materiality" of evidence refers to pertinency of the offered evidence to the issue in dispute. *Vine Street Corp. v. City of Council Bluffs, Iowa,* 220 N.W.2d 860, 863 [ (1974) ]. Evidence which is material to question in controversy, and which must necessarily enter into the consideration of the controversy, and which by itself or in connection with other evidence is determinative of the case. *Camurati v. Sutton,* 48 Tenn.App. 54, 342 S.W.2d 732, 739 [ (1960) ].

\*　　\*　　\*　　\*　　\*　　\*

*See also* Evidence; Relevancy; Relevant evidence.

**Material fact. \* \* \***

*Pleading and practice.* One which is essential to the case, defense, application, etc., and without which it could not be supported. One which tends to establish any of issues raised. The "material facts" of an issue of fact are such as are necessary to determine the issue. Material fact is one upon which outcome of litigation depends. *Amant v. Pacific Power & Light Co.,* 10 Wash.App. 785, 520 P.2d [181] 481, [184] 484 [ (1974) ]. *See also* Material allegation.

\*　　\*　　\*　　\*　　\*　　\*

*Summary judgment.* In determining what constitutes a genuine issue as to any material fact for purposes of summary judgment, an issue is "material" if the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action. *Austin v. Wilder,* 26 N.C.App. 229, 215 S.E.2d 794, 796 [ (1975) ]. See Fed.R.Civil P. 56(c).

A fact is "material" and precludes grant of summary judgment if proof of that fact would have effect of establishing or refuting one of essential elements of a cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle of law to the rights and obligations of the parties. *Johnson v. Soulis,* Wyo., 542 P.2d 867, 872 [ (1975) ].

BLACK'S LAW DICTIONARY 976–77 (6th ed.1990).

My primary concern relates to the interaction between the concept of a summary judgment, which we have recognized is available in workers' compensation proceedings (*Neal v. Caballo Rojo, Inc. and State of Wyoming ex rel. Wyoming Workers' Compensation Div.,* 899 P.2d 56 (Wyo.1995)), and the requisite demonstration, by evidence admissible at trial, of a genuine issue of material fact. I believe we will engender confusion by invoking the same definition for the evidence necessary to demonstrate a genuine issue of material fact as we use for determining what fact is material.

To illustrate, the issue of material fact in this case is the presence of mud when Harris changed the tire. Meteorological data could support or refute the presence of the mud. Had Sinclair Trucking presented an affidavit to the effect that there was no mud in the area on the critical date, surely Harris could have presented the meteorological data to create an issue of fact as to the presence of the mud. In such an instance, our summary judgment cases teach that a summary judgment should not be granted. If we invoke the definition of a material fact to determine whether the meteorological data is material, however, we would have to conclude, as does the majority, that the evidence is not material. This simply leads to a circuitous approach destined to be confusing in many situations.

I would invoke the definition of material evidence which really translates into relevant evidence under our WYOMING RULES OF EVIDENCE. The definition found there is:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

WYO.R.EVID. 401.

This is a workable rule to invoke in the resolution of the remand issue under WYO. R.APP.P. 12.08. It is one that is familiar and, combined with the requirement of good cause, provides a sufficiently narrow basis for

remand. It also maintains the discretion of the trial court, which the invocation of the summary judgment test for material facts probably does not.

I would reverse this case for failure on the part of Sinclair Trucking to demonstrate good cause for the failure to present the evidence at the initial hearing. I would, however, hold that the phrase "evidence is material" found in WYO.R.APP.P. 12.08 should properly be understood to mean relevant evidence within the definition found in WYO. R.EVID. 401.